GEORGE S. SNEER AND MINNIE E. HOLLAND v. CATHERINE STUTZ, et al., Appellants.

Wills: TRUSTS. An executor held the property in trust under the will
1 for certain persons, and was given the custody and full control and management thereof, and ample authority, without order of
2 court, to lease and sell and convey or otherwise control the same in his own name as executor, having as full right and authority to
3 manage it and its proceeds as though he were unmarried, and had acquired absolute title by purchase. Held, that no property rights were thereby conferred on the executor, and that he could sell only, in good faith, in the execution of the trust.

SAME. Testamentary trustees who are expressly authorized to sell real property in their discretion without authority from or
4 approval of the court, may exercise such power for the purpose of raising money to pay taxes and expenses in the care and management of the trust property.

EXEMPTIONS FROM GIVING BOND. Where a will provided that the executor who was also trustee under the will, could act without giving bond, and was silent as to whether grand children of tes-
5 tatrix should give bond on assuming the trust on the executor's

death, a bond would be required of them, under McClain's Code, section 3550, providing that trustees appointed by will or by court must give bond the same as executors.

*Appeal from Polk District Court.*—Hon. T. F. Steven-son, Judge.

## Wednesday, May 26, 1897.

Suit in equity for the construction of the will of Mariah Grimmel, deceased, and to establish and quiet plaintiffs' title to certain real estate of which she died seized. Issue was taken on certain averments of the petition, and the court rendered a decree upon the statements contained in the pleadings, from which the defendants appeal.—*Affirmed*

*Berryhill & Henry* for appellants.

*Dudley & Coffin* and *Granger & Bennett* for appellees.

DEEMER, J.—The will which we are asked to construe was before us, and a decision as to its effect was filed, on December 18, 1894. The opinion will be found in 93 Iowa, 62. In that case we found that plaintiffs herein are entitled to the accumulations of the estate of Mariah Grimmel, deceased, in consequence of the management and use thereof by George Sneer; that the estate other than such accumulations is in the hands of plaintiffs as trustees for their children, and that the interest of defendants is contingent upon plaintiff's dying without leaving issue surviving them. After the procedendo was returned from this court, plaintiffs filed amendments to their petition, in which they alleged, among other things, the following matters, which are admitted by the defendants: (1) That since the commencement of the original suit there has been born unto George S. Sneer a child, which is now living, and that plaintiffs both have living issue.

(2) The premises of which Mariah Grimmel died seized are described, and it is said that upon one lot is a house, which needs repairs from time to time, and which plaintiffs are required to keep insured, and that the property yields no income. The other facts which are deemed material are contained in the original petition and the amendment to the prayer thereof, and are as follows: George Sneer, deceased, was appointed executor of the last will and testament of Mariah Grimmel, deceased, and entered upon the discharge of his duties as such, and at the time of his death, which occurred on August 25, 1891, had fully performed his duties as such, and closed and settled the estate, except in so far as he was made a trustee under this will. Sneer left a will, in which he appointed the appellees executors of his estate, and they qualified and entered upon the discharge of their duties as such. As we have said, this suit is brought to secure an interpretation of the will of Mariah Grimmel, and to secure a decree directing the trustees as to how to proceed in the discharge of their trust with reference to the care, custody, control, and management of the property devised by her; to determine upon what conditions and for what purposes they may sell and convey the property; and to fix and determine the purposes for which they may use the proceeds arising either from a sale or from the rental of the property. The lower court found that the plaintiffs' interest is in the accumulations arising in consequence of the use and management thereof by George Sneer, deceased; that the estate other than this accumulation is in the hands of plaintiffs in trust for their children; and that they have full care, custody, control, and management of such property, with authority to rent, lease, contract, bargain, sell, and convey the same as such trustees, without joining in their individual capacities as grantees; that they have as full power to manage the estate as trustees as if they were sole and unmarried,

and had acquired the absolute title to such property by purchase. They were further decreed to have authority to sell, convey, and mortgage the property without the authority or approval of the court, and were exempted from giving bonds as such trustees. It was also declared by the decree that purchasers from the trustees should take the title in fee free from any right or claim of the residuary legatees, or of any of the defendants herein. It is from this decree that the appeal is taken.

The former opinion conclusively settles the question as to the title and estate that the plaintiffs acquired under the will, and further holds that plaintiffs were trustees holding the property in trust for their children. To determine their powers, we must look to the instrument creating this trust, and find out, if we can, from that, what they were authorized to do. If there is no direction in the will as to how the trust shall be executed, we must then look to the law for their powers. We said in the former opinion that: "George Sneer had no greater authority in exhausting the property than to make advances to George S. and Minnie E. Sneer during his life, but his right to do so from other than the increase from use and management is at least doubtful. * * * The same conditions are applicable to Geo. S. and Minnie after the trust devolved upon them. The language, both as to George and his children, giving them power and authority to dispose of the property without any interference, is limited by the trust imposed, and is to be taken as fixing the manner of its discharge, and not as conferring property rights." As the powers of George S. and Minnie E. Sneer are the same as those conferred upon George Sneer we look to his powers. The will bequeaths the property in trust to George Sneer, to be held, used, and managed during his lifetime for the use and benefit of his two children, George S. Sneer and Minnie E.

Sneer, should they survive him; and further provides that George Sneer shall, during his lifetime, have the full care, custody, control, and management of all the property, with full and ample right and authority to rent, lease, contract, bargain, sell, and convey, or otherwise control the same, . * * * in his own name as executor, and without joining with him as grantor either his wife or the residuary legatees mentioned in the will, having and exercising in this respect as full right and authority to so manage the same, and the proceeds thereof, as though the said George Sneer was sole and unmarried, and had acquired the absolute title to all of said property by purchase. He was also exempted from the necessity of obtaining the authority or consent of the court to the making of sales, and the approval thereof after they were made. The will says: "All such questions are hereby left to his individual judgment and discretion, with full power to act as in his judgment may seem best for the interests of the residuary legatees."

The fourth clause of the will is as follows: *"Fourth.* I hereby appoint my said son George Sneer sole executor of this will and testament, and having full faith in his integrity and ability to manage said property during his lifetime for the best interests of all concerned. I hereby exempt him from giving bonds, and also from filing any inventory list or appraisement list of the property coming into his hands hereunder in any probate or other court, and none of the residuary legatees hereunder or mentioned herein shall be entitled to have or receive from my said executor during his lifetime any of the property or proceeds or rents or profits thereof which may come into his hands under this will unless the said George Sneer shall, in his judgment, deem it best and advisable to make advances to his said children George S. Sneer and Minnie E. Sneer, or either of them." The

manner of the execution of the trust is thus clearly provided for, and we think the decree of the lower court was correct in this respect, except that it should have more plainly directed that the appellees should make such disposition, and such only, of the property, as to them, in the exercise of the utmost good faith, might seem best for the proper administration of their trust. Having no interest in the property other than the accumulations—except as trustees for their children—they can only sell in execution of their trust, and not on their own account. Whether they were to receive any part of the estate was left to the judgment of George Sneer, and, as he is dead, they are entitled to nothing in their own right save the accumulations of the property while in the management of said Sneer. The court below declared that they had as full power to manage the estate as trustees as though they were sole and unmarried, and had acquired absolute title to all of said property by purchase. But, as said in the former opinion, this language of the will and of the decree as well is limited by the trust imposed, and is to be taken as fixing the manner of its discharge, and not as conferring property rights. As thus limited and construed, the decree of the district court is correct; for the effect of it is simply to allow the trustees to sell the property if, in the exercise of their just discretion, they thought it ought to be sold; not for their individual benefit, but in their capacity as trustees for the benefit of their children if they survived, or for the defendants in the event the trustees died without leaving issue surviving them. Without specific authority from the will, the trustees have the power to use the income, or, if need be, to sell the property, to pay taxes and expenses in the care and management of the property. Perry, Trusts, section 554. And as the will expressly says that they may sell

without authority from or approval of the court, there is no doubt of the correctness of the court's ruling in so far as sales may be made for these purposes. But we think, as before indicated, that they may make any sales which, in their judgment, in the exercise of an honest purpose, they believe to be for the best interest of the *cestui que* trust. In the fourth clause of the will we find that George Sneer, on account of the special confidence and trust reposed in him by the testator, was exempted from giving bond. Appellees contend that they are entitled to the same immunity. The statute (McClain's Code, section 3550) says: "Trustees appointed by will, or by the court, must qualify and give bond the same as executors, and shall be subject to control or removal by the court in the same manner." Unless there be something in the will relieving appellees from this responsibility, the court should require the giving of bond. The clause of the will referred to, might well be construed to mean, that Sneer as executor was not required to give bond. But, however, this may be, we think that this immunity was personal to George Sneer, and was not intended by the testator to be extended to these appellees. During their lifetime they have, it is true, the same management of the property as was given to George Sneer; but there is not a word said about their not giving bond. The statutory requirement as to bond does not relate to the management of the property; and to require these trustees to give bond, the same as executors, interferes in no manner with their management of the estate. It seems to us that, as the exemption was clearly personal to George Sneer, it should not be so extended as to apply to the appellees. They should, under the provisions of the statute before quoted, be required to give bond. The decree of the court below will be so modified as to require the appellees to give the bonds required by the

statute, and with this exception, construed in the light
of the interpretation placed upon it in the first para-
graph of ·this opinion, is approved.—MODIFIED AND
AFFIRMED.