[L. A. No. 309.   In Bank.—September 15, 1898.]

H. T. CHRISTIAN, Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent.

JURISDICTION OF SUPERIOR COURT—CONSTRUCTION OF CONSTITUTION—EXCLUSION OF COMPOUND INTEREST.—Section 6 of article VI of the constitution, limiting the jurisdiction of the superior court to "cases in which the demand, exclusive of interest, amounts to three hundred dollars," excludes all compound, as well as simple interest, from the demand.

ID.—INTEREST MADE PART OF PRINCIPAL—JUDGMENT—WRIT OF REVIEW.—A stipulation in a note, the original principal of which is less than three hundred dollars, that unpaid interest is "to become part of the principal and to bear like interest until paid," will not permit the addition of unpaid interest to the principal to confer jurisdiction upon the superior court; and a judgment rendered therein upon such note is void, and will be annulled upon writ of review.

WRIT of review in the Supreme Court to annul a judgment of the Superior Court of San Diego County.   E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Gibson & Titus, and J. C. Hizar, for Petitioner.

J. B. Mannix, for Respondent.

TEMPLE, J.—This is a proceeding upon a writ of review wherein it is contended by the petitioner that a certain judgment entered by the superior court of San Diego county is void for want of jurisdiction.

On the fourth day of April, 1895, an action was commenced in the superior court of the county of San Diego against the petitioner and one E. Dougherty to collect the amount due upon a promissory note in the words and figures following:

"$200.                          San Diego, Cal., Oct. 10, 1890.

"Six months after date, without grace, for value received, we promise to pay to the order of W. P. Walters, the sum of two hundred dollars, with interest thereon from this date until payment at the rate of one and one-quarter per cent per month, payable quarterly, and, if not so paid, then to become part of the principal of this note, and to bear like rate of interest till paid. Both principal and interest to be paid in United States gold coin. And we further agree that in the event of suit brought against ———— then and there shall be added to any judgment against us rendered in said suit, as counsel fees, an additional sum of twenty per centum in like gold coin, upon the amount of principal and interest hereof accrued at the time of the entry of said judgment; or if paid before judgment and after action commenced then on the amount at the date of payment.

                                   "E. DOUGHERTY,
                                   "H. T. CHRISTIAN."

In the complaint it was averred that the only payments which had been made upon the note were the following, on account of interest: May 12, 1891, fifteen dollars, November 7, 1891, fifteen dollars, and February 25, 1893, ten dollars. It was also alleged that there was due on the note as principal the sum of two hundred dollars, with interest, compounded monthly, from the tenth day of May, 1893, at the rate of one and one-quarter per cent per month. The amount due on the note when the action was commenced for principal and interest which had been thus compounded was three hundred and nine dollars.

In section 6 of article IV of the constitution, superior courts are given jurisdiction of cases in which the demand, exclusive of interest, amounts to three hundred dollars, and in section 11· of the same article it is provided that the powers and duties of justices of the peace shall not trench upon the jurisdiction of other courts, except as there specified, which exception does not affect this contention. The question, therefore, is, whether the superior court or justice's court have jurisdiction in an action upon a note, originally for less than three hundred dollars, but which by compounding the interest has created a new principal (if it can be so regarded), amounting to more than three hundred dollars.

What induced those who framed the constitution to provide that interest shall not be considered for the purpose of deter-· mining jurisdiction? I can conceive of none except that those who loan such small sums may be more willing to do so if upon default they are afforded an expeditious and cheap means of collection, and it was intended that they would not lose this ad-, vantage if the loan were allowed to continue until the sum due should exceed three hundred dollars. Perhaps, too, it was deemed of some consequence that the jurisdiction should not depend upon a computation in regard to which there might exist a difference.

I can see no difference in principle whether the increase is by simple or compound interest. The amount sued for and in controversy in either case may exceed three hundred dollars. In each case, also, the excess of three hundred dollars accrued on that contract as interest. The terms "principal" and "interest" are correlative. Each implies and excludes the other. That which is principal cannot be interest. Yet we contract for compound interest, and necessarily this is an agreement that the installment of interest which is compounded shall be made a principal and bear interest. But the term "principal" applies to the new sum only in relation to the interest upon it. It is still true that this new principal itself accrued upon that contract sued upon as interest. If we were to speak of it· with reference to the original principal, or in regard to the mode in which it accrued on the obligation—became a part of the debt—we should call it interest. So, too, if the lender were

asked how much he received as compensation for his loan, he would necessarily include all except his original loan. This is interest. (Civ. Code, sec. 1915.)

Within the purview of this constitutional provision I think, when suit is brought to recover a debt, the question is, What portion of the debt became such upon the obligation, contract or liability sued upon as interest? In regard to an express loan this seems obvious, and the same rule must be extended to all cases.

Counsel have not found any authority upon this precise point. *Howard v. Bates County*, 43 Fed. Rep. 276, is like this in some of its features. In that case the interest was not compounded, but coupons were attached to the bonds representing the interest, and it was contended that the coupons bore interest after maturity. Suit was brought upon two bonds of one thousand dollars each, and upon certain interest coupons which were attached to the bonds. The circuit court did not have jurisdiction, unless the subject-matter of the suit "exceeded, exclusive of interest and costs, the sum or value of two thousand dollars." It was contended that the coupon being a separate obligation, and itself bearing interest after maturity, the court had jurisdiction. The amount due on each coupon, it was said, made a new principal. But the court replied that it made no difference though the coupon bore interest and could be detached and separately sued upon. It represented the interest due on the bond, and, as to it, was interest and should be so regarded under the federal statute in determining the jurisdiction of the court.

The case is not exactly like the case in hand, but the principle is the same. The constitution evidently directs the court to regard the debt sued upon as divided into two parts, one of which, in reference to the other, is the principal; one represents the original debt, the other interest upon such debt. The jurisdiction must be determined by excluding all that portion which accrued as interest.

The judgment of the superior court is, therefore, without jurisdiction and void, and the same is annulled and set aside.

McFarland, J., Harrison, J., Garoutte, J., Van Fleet, J., Henshaw, J., and Beatty, C. J., concurred.