## HOWE v. HALSEY.

### Sac. No. 414; October 7, 1898.

#### 54 Pac. 748.

Jurisdiction—Amount Involved—Interest.—Under constitution, article 6, section 5, giving the superior court jurisdiction in cases in which the demand, exclusive of interest, amounts to $300, the compounding of interest on a note for less than $300, pursuant to its terms, does not convert such interest into principal, and hence the superior court has no jurisdiction of an action on the note, although the amount of interest compounded renders the amount involved in excess of $300.

APPEAL from Superior Court, Sacramento County.

Action by William S. Howe against Milton S. Halsey. From a judgment of dismissal plaintiff appeals. Affirmed.

Isaac Joseph for appellant; A. A. De Ligne and A. M. Johnson for respondent.

HAYNES, C.—This action was brought in the superior court of Sacramento county upon a promissory note dated April 4, 1894, for the sum of $200, payable one month after date, ''with interest thereon from date until paid at the rate of five per cent per month, payable monthly, and, if not so paid, the interest may be added to the principal, and bear like interest, and the whole note may, at the option of the holder, without notice to the maker thereof, be treated as due and collectible. . . . . Both principal and interest to be paid at,'' etc. The court dismissed the action without prejudice, upon the ground that it had no jurisdiction, and the plaintiff appeals from the judgment of dismissal.

In this case the complaint set out a copy of the note, alleged that no part of the principal or interest had been paid, that at the time the original complaint was filed there was due ''the sum of $415.67 principal, and interest thereon from July 4, 1895,'' etc.; and the prayer for judgment was for said sum of $415.67, and interest from July 4, 1895. Appellant contends that the ad damnum clause of the complaint determines the jurisdiction. That is undoubtedly the rule in proper cases, but it would certainly not be held that the superior court would have jurisdiction in an action for goods sold and delivered where the complaint alleged that the plaintiff sold and delivered to the defendant goods of the agreed price and value of $100, and that he had not paid for the same, or any part thereof, by reason whereof the plaintiff has been damaged in the sum of $500, and prays judgment for that sum; but where the complaint sets out several causes of action upon contract, each below the jurisdiction of the superior court, but which in the aggregate exceeds $300, exclusive of interest, it has jurisdiction. The rule, however, has its more general application in actions to recover damages for torts. Here the question is whether the provision in the note allowing the interest to be compounded monthly, and to bear like interest, converts the interest into principal to be treated as part of the sum loaned, or whether all beyond the sum named as the principal of the note is not interest, within the meaning of the constitution and statute fixing and defining the jurisdiction of the superior court. This precise question has been quite recently decided by this court in bank, adversely to appellant, in Christian v. Superior Court, 122 Cal. 117, 54 Pac. 518. Upon the authority

of that case we advise that the judgment of dismissal in this case be affirmed.

We concur: Belcher, C.; Chipman, C.

PER CURIAM.—For the reasons and upon the authority cited in the foregoing opinion the judgment appealed from is affirmed.