## JOSE M. CEVADA, Plaintiff in Error, v. EPIMENIO MIE-RA et al., Defendants in Error.

### SYLLABUS BY THE COURT.

1. APPELLATE PRACTICE—ASSIGNMENTS OF ERROR.—An assignment of error, such as, "The judgment of the court is contrary to the law," is too general, and will not be considered by this court.

2. ATTACHMENT—ACTION ON BOND BY CLAIMANT OF PROPERTY—ISSUE IN.—In a suit for damages by one claiming to be the real owner, for the selling of wool taken on attachment from another person, on a writ issued by a justice of the peace, the trial court properly excluded the question, "Was the sale of the wool published in a newspaper for a period of three-four weeks prior to the date of the sale?" as our statutes do not require such publication, nor is it material, as the real question at issue is, did the wool belong to the plaintiff or to some other person? It is not material to the recovery of damages, whether or not the forms of law were complied with, as to the sale of the wool attached.

*Error* to the District Court of Bernalillo county, Second Judicial District. Affirmed.

Statement of the case by the court.

The record in this case shows that the principal defendant, Epimenio Miera, was a storekeeper in Bernalillo county, and that in the course of trade he sometimes purchased wool; that Jose Jesus Archibeque purchased on credit from the said Miera, goods to the value of $32.00, and that at the time of said purchase he agreed to turn over to Miera certain wool which he was going to clip from bucks which he was herding; that on June 10, 1897, the wife of Archibeque went to the store of Miera and got from his clerk five empty wool sacks, telling him that they were to be used to pack the wool clipped from the bucks which was to be delivered to Miera; that no charge

was made for the sacks, as it was understood that Miera would get them back when the wool was delivered to him; that the wool was not so delivered, and that on a later day in June, the defendant, Miera, learning that the wool was being hauled to Albuquerque, sued out a writ of attachment before a justice of the peace of Precinct No. 33, Bernalillo county, and levied on 1,069 pounds of wool; that Archibeque was brought before the justice on June 29, 1897, and that he then asked for a continuance until July seventeenth, which was granted. That on the seventeenth of July, Archibeque was twice called, but refused to appear in court, remaining outside; that the plaintiff in error, the son-in-law of Archibeque, who was in charge of the wool at the time it was attached, was then examined, and to use the language of the justice of the peace as disclosed by the record, behaved himself very badly, "trying to belittle the court and the witnesses present there. The court commanded order in the courtroom, and they took up then with the constable, and they were outside wrangling, and they had a general row there." The justice of the peace sustained the attachment, and on the ninth day of the following August, the wool was sold as being the property of Archibeque. On September 4, 1897, Jose M. Ceveda brought suit against the defendants in error, claiming damages. A jury was waived, and the cause was tried by the court, which found in favor of the defendants. Plaintiff duly excepted, and to reverse said judgment sued out a writ of error.

FERGUSSON & GILLETT for plaintiff in error.

1. Plaintiff proved that the property, at the time it was attached, was in his possession and that it belonged to him. This was all that was necessary for plaintiff to prove to entitle him to recover. 2 Greenleaf on Evidence, Sec. 613.

It was not necessary for plaintiff to prove that the act was done with any wrongful intent; it being sufficient if it was without a justifiable cause or purpose, though it were done accidentally or by mistake. Id. Sec. 622.

"The attachment plaintiff is, in any event, liable at common law to one whose property has been attached on a writ issuing against another, for that is taking property without due process of law and is manifestly wrong." Shinn on Attachments, Vol. 1, Sec. 358.

"Perhaps the commonest conception of liability in tort is expressed by the classic phrase that a man acts at his peril. He insures the world against wrong on his part. The duty to avoid harm to others is regarded as absolute. Breach of that duty, and consequent damage, are sufficient to create responsibility without reference to his mental attitude; that is, his consciousness or intention. These conceptions inclined to the proposition that, whenever harm was done, some one must be held responsible." Hale on Damages, p. 21.

Cevada was in the quiet and peaceful possession of his property; it was taken from him without due process of law. "Whenever a legal right is violated damage is necessarily done." Hale on Damages, p. 12.

"Where property is sold and delivered to the vendee * * the vendee is the absolute owner of the property, and such property can not be seized under writ of attachment against the vendor, * * * unless it be shown that the sale thereof was fraudulent and void against the creditor attaching."

"To establish such sale as fraudulent, it must be shown that it was made with intent and purpose on the part of the vendor to defraud creditors, and that such purchase was participated in by the vendee, and that he had notice of such purpose." McFadyen et al. v. Masters, 56 Pac. 1059.

And it was error for the trial court to overrule plaintiff's motion for a new trial. Vol. 14 Enc. Pl. and Pr. p. 956 and citations; Wendt et al. v. Diermer, 58 Pac. 1003-4; United States v. Lewis, 2 N. M. 459.

Plaintiff paid 10 cents per pound for said wool; proved his ownership and right of possession to the same; that it was wrongfully taken from him by defendants, and that he has not been compensated for same. We, therefore, submit that judg-

ment should have been rendered for plaintiff and that the measure of damages should have been at the rate of 10 cents per pound.   Cunningham et al. v. Sugar et al., 49 Pac. 910.

W. C. HEACOCK for defendants in error.

1.   Defendants proved that the alleged sale to Cevada was fraudulent, and that the claim of Cevada as to the method of his possession was untrue.

Therefore an action of trespass could not be brought. Wade on Attachments, Vol. 1, Sec. 205.

Miera was a creditor prior to the sale of the wool, and therefore stands in a better position than any other claimant. Wade on Attachments, Vol. 1, par. 205.

In levying upon property, * * * the entire thing passes under the control of the officer for the reason that segregation is impossible.   Am. and E. Encyl., Vol. 1, 1st Ed., page 921.

The intention to defraud depends for its proof entirely upon the inferences to be drawn from the acts and surrounding circumstances.   Wade on Attachments, Vol. 1, Sec. 85, page 184.

The burden of the proof of all the material facts in issue is on the plaintiff.   Wade on Attachments, Sec. 300, page 575; 8th Iowa, page 96.

The property was taken under due process of law.   Secs. 1926 and 2372.   Compiled Laws New Mexico, 1884.

MILLS, C. J.—This case should never have been brought before us for review, not only on account of the small amount involved, but also because of there being absolutely nothing in the record on which to base an appeal.   Five errors are assigned.   The first, is purely formal, ("The judgment of the court is contrary to the law") as it does not point out in what particular such judgment is contrary to the law, and this court has held in the cases of Pierce v. Strickler, 54 Pac. 748, and in

Schofield v. Territory, 56 Pac. 303, that such a general assignment of error is not good ground for review.

The assignment that the judgment is contrary to the evidence is not supported by the facts as disclosed by an examination of the record. Such examination shows that the court below had ample testimony upon which to base the judgment. In fact we think that the weight of the evidence was in favor of the defendants.

APPELLATE Practice: assignment of error.

The assignment that the court erred in overruling the motion for a new trial, is not well taken, as we have heretofore held that the granting or refusing to grant a motion for a new trial rests in the sound discretion of the court and is not alone appealable. Coleman v. Bell, 4 N. M. 28; Buntz v. Lucero, 7 N. M. 220; Schofield v. Territory, 56 Pac. 306.

The fourth assignment is, "That the trial court erred in refusing to allow plaintiff below, and in error, to prove the time and manner of sale of the property belonging to plaintiff that was attached by the defendant Miera."

We can find nothing in the record to sustain this contention of the plaintiff. All of the evidence concerning the manner of sale is that given by the witness Jose E. Romero. The attorney for the plaintiff asked him, (Q) "Was the sale of the wool published in a newspaper for a period of three-four weeks prior to the date of the sale?" and an objection being made the court we think very properly sustained such objection. Our statutes do not require that sales of property made on execution issued from the court of a justice of the peace shall be advertised in a newspaper. (Compiled Laws, 1897, section 3274), nor if they did, do we think that this question would have been relevant. The issue in this case is, was the wool, attached and sold, the property of Jose M. Cevada, or did it belong to some other person? If it belonged to Cevada and was attached and sold as the property of some one else, then he should recover damages, but if it did not belong to him then he should recover nothing. As to

ATTACHMENT: Action on bond by claimant of property: issue in.

whether or not the property attached in the justice court was sold according to law is not material to the determination of the issues in this case.

An examination of the record shows that the court below had ample grounds on which to base the judgment. In fact we think that the weight of the evidence was in favor of defendants, and we accordingly find that there is no error in the judgment complained of, and the same is therefore affirmed.

Parker and McFie, J. J., concur; Crumpacker, J., having heard the case below did not participate in this decision, nor did Leland, J., who was absent.

---

[848.   May 2, 1900.]

### SYLLABUS BY THE COURT.

