[No. 1052, February 24, 1905.]

TERRITORY OF NEW MEXICO, Appellee, v. JAP L. CLARK, Appellant.

SYLLABUS.

1. Assignments that the court erred in the 5th, 6th, 12th, 13th, 14th and 15th paragraphs of his instructions to the jury, not specifying the vice or error in such charges, will not be considered on appeal.

2. Where, in a prosecution for larceny of a horse, there was a substantial conflict in the evidence, a conviction will not be reversed on appeal as unsupported by the evidence.

3. In a prosecution for larceny of a horse, evidence held to sustain a conviction.

4. Where, in a prosecution for larceny, the court suspended the trial during the examination of the first witness because of the drunkenness of defendant's counsel, and notified both defendant and his counsel that the latter would not be allowed to appear in the case in a drunken condition, and that defendant had better arrange for a proper defense, and, when the session was resumed, defendant was accompanied by the same counsel, and the trial proceeded without further reference to his counsel's incapacity—the first witness being

Territory v. Clark.

fully examined by defendant's counsel after the resumption of the trial—a refusal of the court to grant a new trial on the ground that defendant's attorney was drunk during the trial was not an abuse of discretion.

Appeal from the district court of Chaves county, before WM. H. POPE, Associate Justice. Affirmed.

EMMETT PATTON, A. J. NISBET, and J. L. JOHNSON, for appellant.

If the taking is under a bona fide claim of right *there can be no larceny.*

> 9 Tex. App. 164; 4 Colo. 182; 41 S. W. R. 606; Smith v. Shultz 1 Scam. (Ill.) 490; Will v. S. 9 Mo. 663; State v. Gresser 19 Mo. 247; 36 Iowa 344; Stuart v. People, 73 Ill. 20.

The intent to steal and the act must exist at the same moment.

> Bishops Criminal Law, Vol. 1 (8th Ed.) Secs. 206-7 and notes 3 and 4.

Proof must correspond with allegation as to ownership.

> 2 Bishop's New Crim. Proc., (4th Ed.) p. 325, Sec. 718, note 7; State v. Woodley, 25 Ga. 235; State v. Merrill, 44 N. H. 9 Am. St. R. 238; 19 Tex. App., 409; P. v. Hauselman, 77 Cal. 460.

GEORGE W. PRICHARD, Solicitor General, for appellee.

The appearance in the appellate court by the appellant for the purpose of obtaining a continuance is a general appearance and acknowledgment of jurisdiction.

> 2 Cyc. 880-881; Keyser v. Farr, 105 U. S. 266; Draper v. Davis, 102 U. S. 370; Foster v. Rucker, 26 Mo. 495.

An appeal removes the case from the jurisdiction of the trial court.

> Elliott Appellate Procedure, Secs. 541-543.

Where the court extends the time for filing a bill of exceptions it has no power after the expiration of such

time in the absence of a statute permitting it, or the consent of the parties to again extend the time for settling and signing the bill.

3 Cyc. 42.

An appellate court will not weigh the evidence in a case where there is a conflict, but will accept the verdict of the court and jury who had an opportunity to weigh the evidence.

Territory v. Hicks, 6 N. M. 596; Schofield v. Territory, 56 Pac. 306.

M'FIE, J.—At the October term, A. D., 1903, of the district court in and for Chaves county, the defendant, Jap L. Clark, was tried and convicted of the crime of larceny of a horse, the property of one J. A. McPherson, and the case is now in this court upon the defendant's appeal. Nine errors are assigned, but as counsel for the defendant gave the first six assignments, relating to paragraphs of the charge of the court, no consideration, either in his brief or oral argument, it is evident that no reliance is placed upon them. However, that may be, this court has repeatedly held that no consideration will be given to mere general objections or assignments of error, wherein no attempt is made to point out the vice or error in the charge or ruling of the court below. There was no specific objection made to those paragraphs of the court's charge, upon the trial, nor in the motion or amended motion for a new trial, and in the assignments of error it is simply stated, that the court erred in the fifth, sixth, twelfth, thirteenth, fourteenth and fifteenth paragraphs of his instructions to the jury. Territory v. Guillen, 66 Pac. 527; Pearce v. Strickler, 54 Pac. 748; Territory v. O'Donnell, 4 N. M. 210; Territory v. Yarberry, 2 N. M, 454.

We have examined the paragraphs indicated, however, and find them to be unobjectionable.

The seventh assignment of error relates to the proof. Counsel claims that there was no proof of the ownership of the animal as alleged, nor was there any proof of guilty intent. The witnesses were numerous on both sides and there was a decided conflict of evidence for the consideration of the jury. This court has held,

that where there is a substantial conflict in the evidence, it is for the jury to weigh the evidence and the court will not disturb the verdict where there is substantial evidence to support it.    Territory v. Hicks, 6 N. M., 596; Territory v. Barrett, 8 N. M., 70; Schofield v. Territory, 56 Pac. (N. M.) 306.

That there was substantial evidence to justify the verdict rendered, a brief reference to the transcript of the evidence will disclose.

The testimony shows, that the animal was taken from the range, but there was testimony by several witnesses who knew and described the animal, that the horse **3** was found in a pasture on the Block ranch where the defendant was employed; that the defendant claimed that Martin Chavez gave him the animal and that he, defendant, gave it to Pridemore. Martin Chavez testified that the defendant came to him about three years before, and claimed that he, Chavez, had promised to give him a horse for some services and Chavez said he would do so. The next day the defendant came and requested him to give him a bill of sale for this sorrel horse, and Chavez did so, but he never saw the horse at any time and did not know whether the horse was his or not. Chavez further testified that he told the defendant that "M. C." was not his brand, that (M. C. S.)—connected—was his brand, and that he never gave a bill of sale for an "M. C." animal.    McPherson testified positively that he owned the horse and described him minutely, and other witnesses also who knew McPherson's horse identified him without regard to the brand.    The brand was introduced in evidence as a means of identification and not as proof of ownership.    Witness Gilbert testified that the defendant rode the horse to where he was working, that witness told him, McPherson was going to have him arrested; that defendant said if he did have him arrested he could not get the horse as he had given him to Pridemore.    That the defendant also said: "I will go over to Martin Chavez, a Mexican at Picacho, and get him to give me a bill of sale for an "M. C." horse and when I get that I will show that is the horse I bought."    Witness further testified that he told defendant that Chavez' brand was "M. C. S." "What

Territory v. Clark.

are you going to do about that;" and defendant said, "Oh, I will get that fixed up." This witness' testimony is corroborated by that of Garvin who heard part of this conversation. The defendant did not testify.

That the testimony above referred to was quite sufficient to sustain the verdict if the jury believed it to be true, cannot be doubted, therefore, the case is brought within the rule that a verdict will not be set aside by an appellate court, where there is substantial evidence to sustain it.

The eighteenth assignment of error is that the defendant did not have a fair trial as his attorney was drunk during the trial. The record shows that during the cross examination of the first witness, the court suspended the trial until seven o'clock p. m., on account of the drunkenness of counsel for defendant. The court notified counsel after the retirement of the jury, that he would not be allowed to appear in the case in a drunken condition, and notified the defendant also to this effect and that he had better arrange for a proper defense. At seven o'clock the trial proceeded, the defendant being accompanied by the same counsel; the trial proceeded to the close without further reference to any incapacity of counsel, and the first witness was fully examined by counsel for defendant after the resumption of the trial. . This was brought to the attention of the court in the motion for a new trial, but the motion being overruled, it is now assigned as error. The court did not appoint counsel for the defendant, counsel was employed by the defendant, and retained by him after the postponement of the trial, in defendant's interest and to enable him to select other counsel if he desired to do so. There being nothing in the record disclosing the drunkenness of the counsel after the postponement, except from inference, the overruling of the motion for a new trial upon that ground, was a matter of discretion which could only be deemed error by reason of abuse. Under the circumstances of this case, we are unwilling to hold that there was an abuse of discretion in the overruling of this motion, on the contrary the motion was properly overruled.

The last assignment of error is upon the overruling of

the motion for new trial. From what has been said, it is apparent that this assignment needs no further consideration and cannot be entertained.

It is but fair to the counsel appearing in this court to say that they were not counsel in the court below nor did they make up the record upon which this case was heard in this court.

The judgment of the court below is affirmed. It is so ordered.

William J. Mills, C. J., Frank W. Parker, A. J., Ira A. Abbott, A. J., Edward A. Mann, A. J., concur.

Pope, J., having tried the case below did not participate in this decision.