## ALLEN v. WRIGHT.    (No. 8912.)

(Court of Civil Appeals of Texas.    Galveston.
Feb. 3, 1927.)

1. **Courts** ⊂⇒121(5)—**Jurisdictional amount in controversy is determined by excluding all interest, whether simple or compound (Rev. St. 1925, arts. 1949, 2385).**

Rev. St. 1925, art. 1949, giving county court exclusive jurisdiction where matter in controversy exceeds $200, and article 2385, relating to jurisdiction of justice courts, exclude all interest, whether simple or compound, in fixing amount in controversy.

2. **Courts** ⊂⇒121(5)—**Where principal and interest, under note providing that unpaid interest should become as principal, amounted to jurisdictional amount, but principal did not, county court did not have jurisdiction (Rev. St. 1925, arts. 1949, 2385).**

Where note for $173.90 provided that unpaid interest should become as principal and bear same rate of interest and principal and interest amounted to more than $200, county court did not have jurisdiction of suit on note, in view of Rev. St. 1925, arts. 1949, 2385.

3. **Appeal and error** ⊂⇒20—**Where county court had no jurisdiction of suit, Court of Civil Appeals acquired none on appeal.**

Where county court did not have jurisdiction of suit on note because amount was insufficient, Court of Civil Appeals acquired no jurisdiction on appeal.

Appeal from Anderson County Court; W. C. Quick, Judge.

Suit by F. M. Allen against George A. Wright. From a judgment dismissing the cause, plaintiff appeals. Affirmed.

W. R. Petty, of Palestine, for appellant.
E. V. Swift, of Palestine, for appellee.

GRAVES, J. On March 23, 1925, appellant filed this suit in the county court of Anderson county against the appellee upon a promissory note, of which this is a full copy:

"$173.90.    Palestine, Texas, Dec. 15, 1921.

"On or before October 15, 1922, after date, I, we, or either of us promise to pay to the order of F. M. Allen one hundred seventy-three and 90/100 dollars, at Royal National Bank, Palestine, Tex., for value received, with interest at the rate of 8 per cent. per annum from date until paid; interest to be paid annually and if not so paid, to become as principal, and bear the same rate of interest. The makers and indorsers severally waive presentment for payment, demand, protest, and nonpayment of this note, and further agree to pay all costs and 10 per cent. attorney's fees, including all expenses, should this note be placed in the hands of an attorney for collection, and sureties agree to waive any extension of time without notice.

"P. O. Palestine, Texas.    Geo. A. Wright.
"Due ———.
"No. ———."

On September 21, 1925, the trial court dismissed the cause for want of jurisdiction over the amount in controversy, and the appeal is prosecuted from that action.

In contending that this holding was error, appellant ably urges that the provision in the note, "interest to be paid annually and if not so paid, to become as principal, and bear the same rate of interest," constituted a permissible and valid contract between the maker and payee that the matured annual interest at each due date thereof should automatically and at once become an increment to the original principal as such, and that, when so considered for jurisdictional purposes, the amount brought into controversy by the suit when filed exceeded $200, exclusive of interest, within the meaning of R. S. articles 1949 and 2385, and so fell within the exclusive jurisdiction of the county court.

From another angle, the same result is claimed to follow in this further deduction:

"If the above contention is not sustained, then the interest on the past-due interest, as shown and stated and prayed for in plaintiff's petition, is not interest for the purpose of fixing the jurisdiction of the county court, and, in either event, the amount in controversy is in excess of $200 as contemplated by law in fixing the jurisdiction of the court."

It was alleged that nothing on either principal or interest had been paid on the note up to the filing of the suit, so amounts then due were determinable from its terms.

Under either of appellant's viewpoints, since the principal of the note is only $173.90, it was necessary to compound the interest and treat it as principal in order to bring the amount claimed above $200, but by so doing that result was accomplished under both.

[1] We agree with the trial court, and overrule appellant's assignments. We think our jurisdictional statutes cited exclude all interest, whether simple or compound, in fixing the amount in controversy, and the courts seem to have consistently construed them strictly.

[2] The wording of this note is plainly susceptible of a different construction than appellant puts upon it; it does not recite that the unpaid annual interest shall become principal, but merely "as principal, and bear the same rate of interest," thereby importing, we think, that such interest was only to become as principal for the purpose of compounding it. But, even if it should be given the meaning appellant insists upon, the county court still had no jurisdiction under the only authoritative determination of the matter to which this court has been cited. While the precise point does not seem to have been before passed upon in Texas, it has been elsewhere; the case of Christian v. Superior

Court, 122 Cal. 117, 119, 54 P. 518, 519, is directly in point and is a case on jurisdiction, with the same kind of statute (or constitutional provision) we have in Texas; the court there uses this language:

"The terms 'principal' and 'interest' are correlative. Each implies and excludes the other. That which is principal cannot be interest. Yet we contract for compound interest, and necessarily this is an agreement that the installment of interest which is compounded shall be made a principal and bear interest. But the term 'principal' applies to the new sum only in relation to the interest upon it. It is still true that this new principal itself accrued upon that contract sued upon as interest. If we were to speak of it with reference to the original principal, or in regard to the mode in which it accrued on the obligation—became a part of the debt—we should call it interest."

See, also, 31 Cyc. page 1174, footnote 52, and cited authorities.

In volume 15, page 764, Corpus Juris, this language is used:

"Under the statutes which give courts jurisdiction only in cases where the demand, exclusive of interest, amounts to a certain sum, the addition of interest to a debt originally beneath the jurisdiction of the court cannot, of course, give the court jurisdiction" [citing California and Missouri cases holding, respectively]: .

"A stipulation to regard interest as principal is unavailing to render it a part of the amount in controversy when it is excluded by statute. Christian v. San Diego Super. Ct., 122 Cal. 117, 54 P. 518; Bradley v. Asher, 65 Mo. App. 589.

"If the interest can be identified from any part of the record, it will be excluded from the computation of the amount in controversy. Spiceland v. Shelton, 53 S. W. 274; 21 Ky. Law Rep. 863; Hale v. Grogan, 106 Ky. 311, 50 S. W. 257, 20 Ky. Law Rep. 1856."

[3] The trial court having been without jurisdiction, this court acquired none; the judgment. has accordingly been affirmed.

Affirmed.