No. 9494.

## HUNTER, ADMINISTRATOR, v. FRENCH.

DECEDENTS' ESTATES.— *Administrator's Petition to Sell Real Estate to Pay Debts.—Appeal.*—An administrator might, under the act concerning decedents' estates in force in 1876, appeal within one year from a judgment against him on a petition to sell real estate to pay debts.

SAME.—*Answer.—Fraudulent Claim.*—To an administrator's petition to sell lands to pay debts, an answer is good on demurrer, which avers that the personal estate was sufficient to pay all just debts ; that the administrator seeks to sell the lands to pay an unjust claim, the allowance of which was procured by the fraud of an heir who had brought suit for partition which resulted in a sale of the lands to the defendant at a full price.

From the Warren Circuit Court.

*J. W. Sutton*, for appellant.

*J. M. Rabb* and *J. McCabe*, for appellee.

FRANKLIN, C.—Appellant, as the administrator of the estate of Elizabeth Oxer, deceased, filed a petition for the sale of real estate to pay the debts against said estate.   The heirs of the deceased and appellee French were made defendants thereto.   French answered specially, that at the time of said Elizabeth's death she had plenty of personal property to pay all her indebtedness, and that her said heirs undertook to settle the estate without administration ; that they had paid all the valid claims against said estate except $17 of a physician's bill, and that there was yet plenty of her personal estate to pay that ; that afterwards one of said heirs, Mary J. Mayer, and Samuel Mayer, her husband, commenced in said court

proceedings to have partition made of the real estate, under which a sale was ordered, a commissioner was appointed to make the sale, and appellee purchased it from the commissioner; that he gave the full value therefor, and after he had paid the first and second instalments, the said Mayers, without appellee's knowledge or consent, fraudulently caused said appellant to be appointed administrator of said estate, and then fraudulently filed an unfounded claim against said estate for taking care of the deceased in her last sickness, and fraudulently procured the same to be allowed by the court against said estate, without the knowledge or consent of appellee, and for the payment of which appellant is now asking to sell said real estate.

A demurrer was overruled to this answer, and a reply filed in denial. There was a trial by jury; verdict for appellee, with answers to interrogatories, stating that there were no valid claims existing against said estate; that there was nothing due Samuel Mayer; that there was nothing due Dr. Simpkins, and that there was sufficient personal property to pay the debts. Over a motion for a new trial judgment was rendered for appellee.

Appellant has assigned the following errors:

1st. Overruling motion for a new trial.

2d. Overruling demurrer to appellee's answer.

3d. Error in rendering judgment for appellee.

4th. Error in excluding evidence offered.

5th. Error in instructing the jury.

Appellee has filed a motion to dismiss the appeal, for the reason that under sections 189 and 190 of the decedents' act, 2 R. S. 1876, p. 557, the appeal was not perfected within thirty days after the rendition of the judgment. It is admitted that it was perfected within a year after final judgment. This is sufficient. See the case of *Bell* v. *Mousset*, 71 Ind. 347.

The motion to dismiss the appeal is overruled. The last two specifications are not proper in the assignment of errors.

They may be good reasons in a motion for a new trial, but can not be considered in the assignment of errors. The third specification is too general to present any question for consideration. There is no error in the second specification; appellee's answer constituted a good defence to the petition to sell the real estate.

The remaining question to be considered is the overruling of the motion for a new trial. The reasons stated for a new trial are:

1st. Overruling the demurrer to appellee's answer.

2d. Refusing to strike out part of appellee's answer.

3d. Error in refusing to admit certain evidence.

4th. Refusing to admit certain other evidence.

5th. In giving instructions to the jury.

6th. The verdict is not sustained by sufficient evidence.

7th. The verdict is contrary to law.

The overruling of the demurrer to the answer is not a proper reason for a new trial. It has been disposed of as one of the specifications in the assignment of errors.

The refusal to strike out parts of appellee's answer is not properly in the record. It is not contained in the transcript of entries; there is no bill of exceptions embracing it, and it is only mentioned by being contained in the motion for a new trial. It can not thus be made a part of the record, and is not a sufficient excuse for reversal, if in the record. As to the third, fourth and fifth reasons for a new trial, the refusal to admit certain evidence, and the instructions to the jury, appellee insists that they, also, are not properly in the record.

The case was tried at the March term of the court, 1880, and continued, with the motion for a new trial pending. At the June term thereafter, the motion for a new trial was overruled and final judgment rendered. No bill of exceptions was filed at the time that any of these rulings complained of were made, and the record does not show that at the times said rulings were made any time was given in which to file bills of exceptions. At the June term of the court, after final judg-

ment had been rendered, appellant filed two bills of exceptions : No. 1, intended to embrace these various rulings; No. 2, the evidence. Bill No. 1 was not filed in time, and can not be considered. The evidence given alone is properly in the record, and that only can be considered. See the cases of *Backus* v. *Gallentine*, 76 Ind. 367 ; *Sohn* v. *Marion, etc., G. R. Co.*, 73 Ind. 77.

This case, having been tried under the code of 1852, must be governed by the 343d section thereof, 2 R. S. 1876, p. 176; but the rule in such cases, under the revision of 1881, is changed so as to bring forward all matters contained in the motion for a new trial. See sec. 626, R. S. 1881.

The evidence tended to support the verdict of the jury. The verdict is not contrary to law, and can not be disturbed by this court. There is no available error in overruling the motion for a new trial. The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.