[No. 1289, August 16, 1910.]

# L. E. McRAE and T. G. GREGORY, Appellants, v. DOM-INICK CASSAN, Appellee.

## SYLLABUS (BY THE COURT.)

1. Assignments of error upon which no argument, either orally or upon the brief, is made, will be considered as waived.

2. The trial court sustained an objection to the following question: "Was it common knowledge that this house was being erected for sporting purposes before it was completed?" Held that that ruling was correct.

3. Assignments of error which do not point out the specific error of fact or law complained of, will not be considered on appeal. Cevada v. Miera, 10 N. M. 62.

4. The present record falls within that rule stated in Candelaria v. Miera, 13 N. M. 360, as to the finality of finding in the trial court when sustained by substantive evidence.

Appeal from the District Court for Colfax County before WILLIAM J. MILLS, Chief Justice. Affirmed.

MORROW & LEIB for Appellant.

A lease made with the knowledge and intention of the leaser that the demised premises are to be used for immoral or illegal purposes is unenforceable and invalid. Laws 1901, chap. 84, secs. 2, 4; A. & E. Enc. Law, 2 ed., vol. 18, pp. 316, 317 and cases cited; Cyclopedia of Law and Procedure, vol. 24, p. 909 and cases cited; Chateau v. Singla, Cal., 45 Pac. Rep. 1015; Demartini v. Anderson, 59 Pac. Rep. pp. 207, 208; Caldwell v. State, 17 Conn. 467; Graeter v. State, 105 Ind. 271; Daugherty v. Seymour, Colo., 26 Pac. 823.

A house of ill fame may be proved to be such by direct evidence, or by reputation, or by circumstances. Demartini v. Anderson, 59 Pac. Rep. 207, 208; Sylvester v. State,

McRae & Gregory v. Cassan.

42 Tex. 496; Morris v. State, 38 Tex. 603; Allen v. State, 15 Tex. App. 321; State v. McDowell, Dud. 346; King v. State, 17 Fla. 183; O'Brien v. People, 28 Mich. 213; Betts v. State, 93 Ind. 375; Graeter v. State, 105 Ind. 271, 4 N. E. 461; State v. Brinnell, 29 Wis. 435; State v. Smith, 29 Minn. 193, 12 N. W. 524; Territory v. Bowen, 2 Idaho, 607, 23 Pac. 82; Drake v. State, 14 Neb. 535, 17 N. W. 117; Cadwell v. State, 17 Conn. 467; Com. v. Kimball, 7 Gray, 328; Moore, Cr. Law, par. 1072 and cases cited.

C. J. Roberts for Appellee.

Except in cases where the question involved goes to the jurisdiction, rulings to which assignments of error have been taken will not be considered on appeal, where such assignments are not discussed by counsel in brief or in argument, as it will be presumed that they are waived. 3 Cyc. page 388 and authorities cited; Illinois Central R. Co. v. Cheek, 152 Ind. 663; Patrick v. Graham, 132 U. S. 627.

Where the lessor leases his premises without any knowledge that they are to be used for unlawful or immoral purposes, the fact that they are subsequently so used, without collusion or assent on his part, will not vitiate the lease, or impair his rights to enforce any of the covenants therein contained. 24 Cyc. 909; Haas v. Cones Mfg. Co., 25 Ind. App. 469.

Assignments of error too general to present any question to the court for review. 2 Cyc. 992 and authorities cited; Cevada v. Miera, 10 N. M. 62; Schofield v. Territory, 9 N. M. 526 and authorities cited.

Where there is a conflict of evidence, it being the exclusive province of the jury to determine the weight and credibility of the testimony, the verdict will not be disturbed in the appellate court. Cunningham v. Springer, 13 N. M. 259; Badeau v. Baca, 2 N. M. 194; Territory v. Webb, 2 N. M. 147; Waldo v. Beckwith, 1 N. M. 97; Territory v. Hicks, 6 N. M. 596; Territory v. Barrett, 8 N. M. 70; Lynch v. Grayson, 7 N. M. 26; De Baca v.

Pueblo of Santo Domingo, 10 N. M. 38; Badaracco v. Badaracco, 10 N. M. 761; 3 Cyc. 348, 360 and authorities cited, 372.

## OPINION OF THE COURT.

MECHEM, J.—This was an action for rent brought by appellee against the appellant as surety for one McRae.

· The only question here arises on the affirmative defense of appellant by which he tried to establish that the lease was illegal, alleging that Cassan had knowingly leased the premises for illegal and immoral purposes, and that the said premises were located within seven hundred feet of a church.

There is no doubt but that it is the law. that where a building is leased with the intent that it is to be used as a house of prostitution, and the house is so used, the lessor cannot recover rent, especially where there is a statute that makes it a misdemeanor to lease to another a house to be used for the purpose of prostitution. 18 Am. & Eng. (2nd ed.) 317.

Section 2, Chapter 84, Laws of 1901, is as follows:

"Sec. 2. Every person who shall knowingly lease or let to another any house or other building, for the purpose of setting up or keeping therein any such brothel, bawdy house, house of assignation or prostitution, as mentioned in the foregoing section, within seven hundred feet of any school house, college, seminary, or other institution of learning, or any church, opera house, theater, hall of any benevolent or fraternal society, or other place of public assemblage, or for the purpose of being kept or used as such brothel, bawdy house, house of assignation or prostitution, shall on conviction thereof be adjudged guilty of a misdemeanor, and punished as provided in section one of this act."

In order, therefore, to bring the lease in question within the terms of the statute, or the general rule of law applicable, it was incumbent on the appellant to prove that the appellee did "knowingly lease the building for

the purpose of setting up or keeping therein a house of prostitution."

The case was tried before the court without a jury and judgment given for the appellee.

1. Eight assignments of error are made by appellant. Of these the first three were abandoned by counsel as no mention is made of them in the argument contained in their brief, at least they will be considered as waived. 3 Cyc. 388.

2. It is assigned as error in the fourth assignment that the court below erred in sustaining an objection of appellee's attorney to the following question: "What was the Red Light District first known as, over there—what was the purpose of it?"

Whether or not the court erred in sustaining this particular objection is not necessary to decide, for an examination of the testimony in the case shows that the character and constituency of the "Red Light District" were very minutely described and the trial court fully advised on that subject.

Objection by appellee's counsel to the following question was sustained by the court: "Was it common knowledge that this house was being erected for sporting purposes, before it was completed?" and this is assigned as error in the fifth assignment. It was shown that the lease was entered into before the house was built.

As claimed by counsel for appellant, there is authority to the effect that a house of ill fame may be proved to be such by reputation, but here the question was, did the appellee knowingly rent the house with the intent that it should be used as a house of ill fame. It would be going a long way, indeed, to admit hearsay evidence to prove intent.

3. Assignments Nos. 6, 7 and 8 may be considered together. They are: No. 6. "That the trial court erred in finding from the evidence, in favor of the plaintiff or the appellee and against the defendant or appellant." No. 7. "That the decision rendered in said cause, by the trial court, in favor of the appellee and against the appellant, is against the weight of the evidence produced in the trial

of said cause," and No. 8. "That the decision of said cause, by the trial court, in favor of the appellee and against the appellant, is contrary to the laws of this Territory."

These assignments are too general. They do not point out any specific error complained of and this court has held in numerous cases that such general assignments of error will not be considered on appeal. Cevada v. Miera, 10 N. M. 62; Schofield v. Territory, 9 N. M. 526; Melini & Eakin v. Freige Bros., (decided at this term).

We have, however, examined the record carefully and find that there was substantial evidence to sustain the judgment of the trial court. Candelaria v. Miera, 13 N. M. 360.

Finding no error in the record, the judgment of the lower court is affirmed.