## DETERMINED IN THE

# SUPREME COURT

## OF THE STATE OF NEW MEXICO

### JANUARY TERM, 1913

[No. 1528, May 17, 1913.]

FARMERS DEVELOPMENT COMPANY, Appellant,
v. RAYADO LAND & IRRIGATION CO., Appellee.

SYLLABUS (BY THE COURT).

1. Assignments of error that "the court below erred in affirming the decision of the Board of Water Commissioners," and that "the court below erred in rendering judgment herein in favor of said appellee, affirming the said decision of the Board of Water Commissioners," are not sufficiently specific to present any question for review.

P. 6

2. Under chap. 49, S. L. 1907, from any act or refusal to act of the state engineer, the aggrieved party may appeal to the Board of Water Commissioners, and may likewise appeal from the decision of said board to the district court. The statute contemplates a hearing or trial de novo before each board or tribunal, and not a review of the order or decision of the inferior tribunal. An assignment of error, in such a proceeding, upon appeal from a judgment of the district court, that "the court below erred in finding and adjudging that the said Board of Water Commissioners had and was possessed of the right, warrant and authority to review the discretion of the said state engineer in the matter of the approval of permits to appropriate," is therefore not well taken, because the record in this case fails to show that the district court so held, or that any such issue was presented, or could have been involved in the case.

P. 7

Appeal from District Court, Colfax County; Thomas D. Leib, District Judge; appeal dismissed.

JULIUS C. GUNTER, Denver, Colo., HENRY L. LUTZ, Denver, Colo., and H. L. BICKLEY, Raton, N. M., for appellant.

Act creating office of Territorial Irrigation Engineer. Ch. 102, laws of 1905; chap. 104, laws of 1905; sec. 28, chap. 102, laws of 1905; Young and Norton v. Hinderlider, 110 Pac. 1045; sec. 63, chap. 102, laws of 1905.

JONES & ROGERS, for Appellee.

Record proper is not part of the transcript of record because not properly certified. Sec. 66, chap. 49, laws of 1907; Territory v. McGrath, 16 N. M. 202; U. S. v. Sena, 106 Pac. 383; U. S. v. Lesnet, 9 N. M. 373; 2 Cyc. 1074; Archibeque v. Miera, 1 N. M. 160; Romero v. Luna, 6 N. M. 440.

Assignments of error are insufficient to raise any issue in appellate court. Cevada v. Miera, 10 N. M. 62; Mellina v. Freig, 15 N. M. 455; Pierce v. Strickler, 54 Pac. 748; Schofield v. Territory, 56 Pac. 303; McRae v. Casson, 110 Pac. 574; Territory v. Clark, 13 N. M. 59; Candelaria v. Miera, 13 N. M. 360; Maxwell v. Tufts, 8 N. M. 396.

Questions not properly raised in lower court may not be assigned as error on appeal. Daily v. Fitzgerald, 125 Pac. 625; Territory v. Mills, 120 Pac. 325; Chavez v. Lucero, 13 N. M. 368; Clelland v. Hostetter, 13 N. M. 43; Gillett v. Chavez, 12 N. M. 353.

Errors invited, waived or immaterial are not available in appellate court. Chaves v. Myers, 68 Pac. 917; Jung v. Myers, 68 Pac. 933; U. S. v. Adamson, 106 Pac. 653; Conway v. Carter, 11 N. M. 419; Lund v. Ozanne, 13 N. M. 293; R. R. Co. v. Rodgers, 113 Pac. 805; Territory v. McGrath, 114 Pac. 364; Gillett v. Chavez, 12 N. M. 353; 3 Cyc. 243; 3 Cyc. 250.

There was no error in assuming jurisdiction. Elliot on

Appellate Procedure, sec. 599; 2 Standard Procedure, 160; id. 605; secs. 63, 65 and 66, chap. 49, laws of 1907; Archibeque v. Miera, 1 N. M. 160; Romero v. Luna, 6 N. M. 440; Sanchez v. Candelaria, 5 N. M. 400; secs. 20 and 21, chap. 49, laws of 1907; sec. 10, Organic Act of New Mexico; Speer v. Stephens, 102 Pac. 365; Bear Lake v. Budge, 75 Pac. 614; Weil on Water Rights, secs. 1192 to 1194, and 419 (1911 ed.); Turley v. Furman, 114 Pac. 278.

Judgment was based on substantial evidence. Daily v. Fitzgerald, 125 Pac. 625; Candelaria v. Miera, 13 N. M. 360; Melini v. Freig, 110 Pac. 563; Richardson v. Pierce, 14 N. M. 334; Handcock v. Beasley, 14 N. M. 239; Crabtree v. Segrist, 3 N. M. 500; Romero v. Coleman, 11 N. M. 533; Gale v. Salas, 11 N. M. 211; Bank v. McClelland, 9 N. M. 636; Torlina v. Torlish, 6 N. M. 54; Badaracco v. Badaracco, 10 N. M. 761; Bank of Commerce v. Mining Co., 13 N. M. 424; Radcliffe v. Chavez, 110 Pac. 699; Gallegos v. Sanderson, 106 Pac. 373; Daily v. Fitzgerald, 125 Pac. 625; Romero v. Desmarais, 5 N. M. 142; sec. 16, chap. 102, laws of 1905.

Appellant's alleged filings were not prior to filing made by appellee. Sec. 19, chap. 102, laws of 1905; Mays v. Bassett, 125 Pac. 609; chap. 104, laws of 1905; Taylor v. Abbott, 37 Pac. 408; Murray v. Tingley, 50 Pac. 723; Weil on Water Rights, 405 (1911 ed.); secs. 493 and 494, C. L. 1897; Hagerman Irr. Co. v. McMurray, 113 Pac. 823; Weil on Water Rights, sec. 417; Milhiser v. Long, 10 N. M. 99; Great Plains Co. v. Lamar, 71 Pac. 1119.

No merit in claiming to have acted in good faith. Lamar Co. v. Amity, 58 Pac. 600; Mold v. Lamar Canal Co., 128 Fed. 776; Weil on Water Rights, 448; Blake v. Boze, 88 Pac. 470; Cruse v. McCauley, 96 Fed. 369; Umatilla Irrigation Co. v. Burnhart, 30 Pac. 30; sec. 10, chap. 49, laws of 1907; Weil on Water Rights, 446-7.

JULIUS C. GUNTER, HENRY L. LUTZ and H. L. BICKLEY, for appellant in reply.

Duties of the Board of Water Commissioners. Sec. 66,

chap. 19, laws of 1907; Young v. Hinderlider, 110 Pac. 1045.

JULIUS C. GUNTER, HENRY L. LUTZ and H. L. BICKLEY, for appellant, on motion to dismiss writ of error.

As to writ of error. Sec. 3, chap. 57, laws of 1907; Quinebaug Bank v. Tarbox, 20 Conn. 510; Glasser v. Hackett, 37 Fla. 358; 20 So. 532.

Dismissal of appeal does not preclude second appeal nor writ of error if taken in due time. Harris v. Ferris, 18 Fla. 81; Johnson v. Polk Co., 24 Fla. 28; 3 So. 414; Dailey v. Foster, 128 Pac. 71.

## OPINION OF THE COURT.

ROBERTS, C. J.—On May 27, 1907, the appellee filed its application with the territorial engineer, as authorized by chap. 49, S. L. 1907, to appropriate the waters of the Rayado river and certain tributary streams, for the purpose of irrigating certain lands in Colfax County, New Mexico, in said application described. In August thereafter the territorial engineer ordered notice to be given by appellee of a hearing on said application on October 11th following. Notice was published as required by said act, and the appellant filed with said engineer a protest against the approval of appellee's application. The territorial engineer, after a hearing had, declined to act upon appellee's said application, and an appeal was taken from such refusal to act to the Board of Water Commissioners. Upon a hearing had, the Board of Water commissioners approved the application, with the proviso "that the permit thereunder shall not be exercised to the detriment of any person, firm, corporation or association having prior rights to the use of waters of said stream system." From the decision of the Board of Water Commissioners, appellant appealed to the District Court of Colfax County, where the cause was heard, as required by the statute, *de novo,* and upon such hearing the issues were found for appellee and judgment entered in its favor, from which judgment appellant prosecutes this appeal.

The assignments of error filed by appellant are as follows:

"1.    That the court below erred in affirming the decision of the Board of Water Commissioners, directing and ordering the State Engineer to approve the application of the appellee herein for the appropriation of water of and from the Rayado river;

"2.    That the court below erred in finding and adjudging that the said Board of Water Commissioners had and was possessed of the right, warrant, and authority to review the discretion of the said State Engineer in the matter of the approval of permits to appropriate;

"3.    That the court below erred in rendering and entering judgment in favor of the said appellee, affirming the said decision of said Board of Water Commissioners."

Appellee contests the sufficiency of each of the above assignments of error on the ground that they are too general, indefinite and not sufficiently specific, and each error relied upon is not stated in a separate paragraph, and further, with respect to the second assignment, that it attempts to raise a question in the appellate court which was not raised nor considered in the district court, and that the assignment, even if good in form, is without merit.

The first and third assignments are in general terms and do not point out the specific error relied upon. The first assignment does not state whether the alleged error was predicated upon the failure of the court to decide in accordance with the weight of the evidence, or whether upon some point of law, the decision was erroneous. Under this general assignment the appellant might well argue many different propositions in support of a reversal of the judgment. For instance, it might contend that the district court did not have jurisdiction of the cause; that it was without power to try the cause *de novo;* that there was a failure of proof as to some material point, which appellee would be required to establish in order to secure the approval of its application, such, for instance, as that there was unappropriated water available for its application; that, as a matter of law, upon the facts proven, the court should not have approved the application, and other

reasons might be urged in addition to the above. The third assignment, for the same reasons, is also insufficient. It does not point out wherein the judgment rendered is erroneous, unless it be contended that the judgment affirming the decision of the Board of Water Commissioners, because of its form and language, was improper, but no such contention is urged, and no objection is made to the form or sufficiency of the judgment. This being true, this court will not examine the judgment for the purpose of passing upon its form or legal sufficiency, but will treat it, as both parties to this appeal have elected to consider it, as a final judgment, regular in form and finally disposing of the cause. This being true, the effect of the third assignment is, that the court erred in rendering judgment for the appellee. An assignment of error partakes of the nature of a pleading, and should be sufficiently specific, so that a joinder in error will present a specific issue for trial. Tested by a well established rule, adhered to in many of the decisions of the Territorial Supreme Court, and followed by practically all of the states, the first and third assignments are too general to present any issue for determination.

In the case of Cevada v. Miera, 10 N. M. 62, Chief Justice Mills, speaking for the court, said:

"Five errors are assigned. The first is purely formal. '(The judgment of the court is contrary to the law)' as it does not point out in what particular such judgment is contrary to the law, and this court has held in the case of Pearce v. Strickler, 54 Pac. 748, (9 N. M. 467) and in Schofield v. Territory, 56 Pac. 303, (9 N. M. 526), that such a general assignment of error is not ground for review."

In the case of Melini v. Griego, 15 N. M. 455, the Territorial Supreme Court considered the sufficiency of the following assignments of error, viz: "That the said verdict is contrary to the law and the evidence." "That the said verdict was rendered against the weight of evidence," and "For many other manifest errors in the trial of this cause, which appear in the record and were prejudicial to the plaintiff," and said, "It has been repeatedly

held by this court that an assignment of error must point out the specific error complained of," and the court refused to consider them. Similar assignments are also condemned and held insufficient in the following cases: McRae v. Cassan, 15 N. M. 495, 110 Pac. 574; Territory v. Clark, 13 N. M. 59; Candelario v. Miera, 13 N. M. 360; Maxwell v. Tufts, 8 N. M. 396.

The rule, adopted in. this regard, and so consistently adhered to by the Territorial Supreme Court, finds ample and almost universal support in the other states.

An assignment of error that the trial court erred in entering judgment for one party, or against another, presents no question for review. Wales v. Graves, 72 Conn. 355; 44 Atl. 480; Clark's Invest. Co. v. Seymour, 19 App. D. C. 89; Hunter v. French, 86 Ind. 320; Wheeler, etc. v. Walker, 41 Mich. 239; City of Houston v. Potter, (Tex.) 91 S. W. 389. And see other cases collected in note 92, 2 Cyc. 997. For the reasons stated we must hold that the first and third assignments of error present no question for review.

Passing now to the consideration of the second assignment of error, which appears to be specific, we find that it predicates error upon the assumption that the lower court held that the Board of Water Commissioners had and was possessed of the right, warrant and authority to review the discretion of the State Engineer in the matter of the approval of permits to appropriate water. We have searched the record, in vain, for such a holding by the trial court, and indeed, we can not conceive how any such question would, or could be involved in the case.

Sections 27 and 28, chap. 49, of the irrigation code of 1907 read as follows:

"Sec. 27. Upon the receipt of the proofs of publication, accompanied by the proper fees, the Territorial Engineer shall determine from the evidence presented by the parties interested, from such surveys of the water supply as may be available, and from the records, whether there. is unappropriated water available for the benefit of the applicant. If so, he shall endorse his approval on the application, which shall thereupon become a permit to

appropriate water and shall state in such approval the time within which the construction shall be completed, not exceeding five years from the date of approval, and the time within which water shall be applied to a beneficial use, not exceeding four years in addition thereto; Provided, That the Territorial Engineer may, in his discretion ,approve any application for a less amount of water, or may vary the periods of annual use, and the permit to appropriate the water shall be regarded as limited accordingly.

"Sec. 28. If, in the opinion of the Territorial Engineer, there is no unappropriated water available, he shall reject such application. He shall decline to order the publication of notice of any application which does not comply with the requirements of the law and the rules and regulations thereunder. He may also refuse to consider or approve an application or to order the publication of notice thereof, if, in his opinion, the approval thereof would be contrary to the public interest."

Sec. 62 of the same act creates a Board of Water Commissioners, and provides for the appointment of the members thereof by the Governor. Sec. 63 is in part as follows:

"It shall be the duty of said board to hear and determine appeals from the actions and decisions of the Territorial Engineer in all matters affecting the rights, priorities and interests of water users and owners of, or parties desiring to construct canals, reservoirs, or other works for the conveyance, storage or appropriation of waters in this territory. Any applicant or other party dissatisfied with any decision, act or refusal to act of the Territorial Engineer may take an appeal to said board."

The remainder of the section provides for the procedure required to get the cause before the board for hearing. Sec. 65, in so far as material to the question under discussion, reads as follows:

"The decisions of said board, upon any such appeal, shall be filed in the office of the Territorial Engineer, who shall thereafter act in accordance with such decision. The decision of said board shall be final, subject to appeal to the

District Court of the district wherein such work, or point of desired appropriation, is situated," etc.

Section 66 provides for certifying to the District Court, in causes appealed, the record of all proceedings in the matter by the Board of Water Commissioners, and also provides for a hearing *de novo* in the District Court, "except that evidence which may have been taken in the hearing before the Territorial Engineer and *said board* and transcribed, may be considered as original evidence in the District Court."

The act in question, as shown by the above excerpts, clearly shows that in each instance, where a hearing is provided for, or required, the same shall be *de novo,* or an original hearing, where the engineer, Board of Water Commissioners or the court hears such competent proof as may be offered by the parties interested in the proceeding and forms his or its own independent judgment relative to the issues involved. The Board of Water Commissioners does not, nor is it called upon, to review the discretion of the engineer. Upon appeal to it, it determines for itself, the question as to whether the application should be approved or rejected. It is not bound, controlled or necessarily influenced, in any way, by the action of the engineer. It hears, or may hear, additional evidence, and upon the record and such evidence as is properly before it, it decides the question presented. Likewise in the District Court, the hearing is *de novo.* The court may consider such evidence as has been introduced before the board and engineer, and transcribed and filed with it, but it also hears additional evidence, and is not called upon to determine whether the engineer or the Board of Water Commissioners erred in the action taken and order entered, but must form its own conclusion and enter such judgment, as the proof warrants and the law requires. It does not review the discretion of the engineer or the board, but determines, as in this case it was required by the issue presented, whether appellee's application to appropriate water should be granted. The court, in order to form a conclusion upon the issues, was necessarily required to determine, for itself, whether

there was unappropriated water available; whether the approval of the application would be contrary to the public interest, and all other questions which the engineer was required, in the first instance, to determine. In such case the question recurs anew, as to whether the application shall be granted. This being true, the second assignment of error must fail, because it is not well taken.

Appellant, having presented no available error for review, the appeal will be dismissed, and, it is so ordered.