GEORGE S. SNEER AND MINNIE E. HOLLAND V. CATHERINE STUTZ, *et. al.*, Appellants.

**Will:   Construction.**   The will bequeathed property to one Sneer, "in trust to be by him held, used and managed during his life time, for the use and benefit of his two children (testatrix's grand-children) should they survive him." If the father of the grand-children died without issue before the death of Sneer, then the surviving grandchild was to take the property in trust upon the death of said Sneer. If either grandchild leaves surviving children living at the time of Sneer's death, these children shall take the interest which said grandchildren would have possessed had they survived Sneer. In case the grandchildren die "without leaving issue surviving before or at the time of the death of Sneer," the property shall revert to the estate. If Sneer dies before the testatrix, the property shall, upon testatrix's death, go directly to the grandchildren, "in trust for their children, should they have issue," in which event the grandchildren shall have as full authority in management as the will gives Sneer. In case either grandchild dies after Sneer without leaving issue, then the property shall revert to the survivor in trust for his issue. If both grandchildren die without issue, the property reverts to the estate. Sneer was empowered by the will to "rent, lease, contract, bargain, sell and convey, or otherwise control the property in his own name, *as executor of the will*," without joining his wife or residuary legatees, without approval of court, and without bond or filing of inventories. No residuary legatee shall be entitled to have any of the property or proceeds, rents or profits thereof during Sneer's life time, unless Sneer chooses to make advancements to his two children, said grandchildren of testatrix. *Held:*

   a.   The power to sell given Sneer, while absolute, is given to him *as executor*, hence, that power does not vest Sneer with full title, and is not repugnant to the trust estate created by the will. *Halliday v. Stickler*, 78 Iowa, 388, *distinguished*.

   b.   The property is to be used and managed by Sneer in his life time in trust for the grandchildren, who should have any accumulation of rents and profits arising from such management, the property itself to remain in trust for the children of the grandchildren. If the grandchildren die without issue, the property reverts to the estate.

Practice in Supreme Court: ASSIGNMENT OF ERROR. "Erred in over-
2   ruling defendants' demurrer," is sufficiently specific when plaint-
iff's petition has but one count, and the demurrer is general. An
assignment need not specify why a ruling is erroneous.

*Appeal from Polk District Court.*—HON. S. F. BALLIET,
Judge.

TUESDAY, DECEMBER 18, 1894.

Proceeding for the construction of a will. Decree
for plaintiffs, and defendants appeal.—*Reversed.*

*Berryhill & Henry* for appellants.

*Dudley & Coffin* for appellees.

Granger, C. J.—Mariah Grimmell, deceased, made
her will, of which the following is a part: "First. It
is my will, and I hereby direct, that as soon as practica-
ble after my death all of my just debts be by my execu-
tor paid out of my estate. Second. All of the rest,
residue, and remainder of my estate which is left after
the payment of my debts I hereby will and bequeath in
trust to my beloved son, George Sneer, to be by him held,
used, and managed during his lifetime for the use and
benefit of his two children, George S. Sneer and Minnie
E. Sneer, should they survive him. But in the case of
the death of either the said George S. Sneer and Minnie
E. Sneer without issue, before the death of said George
Sneer, then the surviving child, upon the death of said
Geo. Sneer, shall take my whole estate in trust as is here-
after particularly described, but the issue of either the
said George S. Sneer or Minnie E. Sneer, if surviving
their parent through whom they inherit, and living at
the time of the death of my said son, George Sneer,
shall take the interest in my estate which their father

or mother would have taken had such parents survived the said George Sneer. But in case of the death of said George S. Sneer and Minnie E. Sneer without leaving issue surviving before or at the time of the death of my said son, George Sneer, then, upon the death of said George Sneer, the property hereby bequeathed shall revert to and again become the property of my estate, and shall then be disposed of in the same manner and way as though I had outlived the said George Sneer, and then died intestate; and in case my said son, George Sneer, shall die before my own death, then the property hereby bequeathed shall, upon my death, descend and go directly to the said George S. Sneer and Minnie E. Sneer in trust for their children, should they have issue, and during the lifetime of the said George S. Sneer and Minnie E. Sneer they shall have as full authority in the management thereof as is given herein to my son, George Sneer; and in case of the death of either said George S. Sneer or Minnie E. Sneer without issue, and after the death of the said George Sneer, then all of the property hereby conveyed and bequeathed shall revert to the survivor, who shall hold the same in trust for his or her issue, as herein provided for; and in case of the death of both of said residuary legatees without leaving issue surviving them, then the property hereby bequeathed shall again revert to and become the property of my estate, and shall be disposed of as though I had survived my said son, George Sneer, and my two grandchildren, George S. Sneer and Minnie E. Sneer, and then died intestate." The will was executed on the eleventh day of January, 1882, and the testatrix died on the thirteenth of March following. George Sneer qualified as executor under the will, and afterward died. The plaintiffs are the George S. and

Minnie E. Sneer mentioned in the will as the children of George Sneer; and the said Minnie E. Sneer, now Minnie E. Holland, has one child surviving.

The defendants are those who would have been beneficiaries under the will had the property reverted to the estate under the provision that, "in case of the death of the said George E. Sneer and Minnie E. Sneer without leaving issue surviving, before or at the time of the death of my said son, George Sneer, the property hereby bequeathed shall revert to and again become the property of my estate, and shall then be disposed of in the same manner and way as though I had outlived the said George Sneer, and then died intestate," or might become such beneficiaries under another provision of the will, whereby the property is to revert to the estate, and be disposed of in the same way "in case of the death of both of said residuary legatees without leaving issue surviving them." George Sneer, in his lifetime, under the trust imposed by the will, made purchases of real estate from the proceeds of other property, and generally managed and controlled the trust property in the manner authorized by the will, and it is averred in the petition that he disposed of the same by will. The plaintiffs are the executors of the last will and testament of George Sneer, and beneficiaries under his will. They institute this proceeding to obtain a construction of the will of Mariah Grimmell, claiming that the contingencies upon which the trust was to survive the death of George Sneer never happened, and that by his death the trust ceased, and the property of the estate became absolutely theirs. The defendants, on the other hand, insist that the trust survives, and that, in the event that George S. and Minnie E. Sneer shall die without issue, the property reverts to the estate, and they become the beneficiaries. The issue is one of law, presented by a demurrer to the petition,

which the District Court overruled, giving judgment in harmony with the plaintiffs' theory.

I.    The petition is in one count, and the demurrer general. The assignment of error is that "the court erred in overruling defendant's demurrer to the petition." It is urged that the assignment of error is not sufficiently specific to entitle it to consideration. It is difficult to see how the error complained of could be more definitely pointed out. There is but a single cause of action stated, and a single ground for the demurrer. If the assignment is to be made so as to more particularly show the error, it seems to us it must be by stating the reasons why the ruling was erroneous, and that is not the province of an assignment. If there were different grounds of the demurrer, or different causes of action stated, and the assignment did not point the error relied upon, the case would be within the rule of *Albrosky v. Iowa City*, 76 Iowa, 301, and *Wadsworth v. Bank*, 73 Iowa, and cases cited by appellee.

II.    The amount of property involved is large, and the questions important, and not free from difficulty. The following from the judgment of the District Court indicates in a general way its conclusion of the question involved:    "It is further ordered, adjudged, and decreed that said George S. Sneer and Minnie E. Holland, plaintiffs herein, and beneficiaries under said will of Mariah Grimmell, take the estate  so bequeathed by her, and of which George Sneer died seised, absolutely, and not subject to any charge, trust, or limitation whatsoever; and that said George S. Sneer and Minnie E. Holland, plaintiffs herein, have full right, power, and authority to sell, convey, and dispose of the same in their own name and right, as fully and completely  as  though they had

acquired said property by purchase." In support of the court's conclusion appellees quote from the second clause of the will as follows: "All the rest, residue, and remainder of my estate which is left after the payment of my debts I hereby will and bequeath in trust to my beloved son, George Sneer, to be by him held, used, and managed during his lifetime for the use and benefit of his two children, George S. Sneer and Minnie E. Sneer, should they survive him." They then quote the third and fourth clauses of the will, which define the authority of George Sneer as trustee, and the manner of exercising his trust. It will be well to quote the third and fourth clauses in this connection: "Third. During the lifetime of my said son, George Sneer, he shall have the full care, custody, control, and management of all of the property hereby bequeathed, with full and ample right of authority to rent, lease, contract, bargain, sell, and convey or otherwise control the property left in his custody by this will, in his own name, as executor of this will, without joining with him as grantor either his wife or any of the residuary legatees mentioned herein, having and exercising in this respect as full right and authority to so manage the same and the proceeds thereof as though he, the said George Sneer, were sole and unmarried, and had acquired the absolute title to all of said property by purchase. Nor shall it become necessary for the said George Sneer to ask or obtain the consent or approval of any court, or to institute any proceeding in court, or to obtain authority to sell or convey property or to approve conveyances. All such questions are hereby left to his individual judgment and discretion, with full power to act as in his judgment may seem best for the interests of the residuary legatees. Fourth. I hereby appoint my said son, George Sneer, sole executor of this will and testament, and,

having full faith in his integrity and ability to manage said property during his lifetime for the best interests of all concerned, I hereby exempt him from giving bonds, and also from filing any inventory list or appraisement list of the property coming into his hands hereunder in any probate or other court; and none of the residuary legatees hereunder or mentioned herein shall be entitled to have or receive from my said executor, during his lifetime, any of the property or proceeds or rents or profits thereof, which may come into his hands under this will unless the said George Sneer shall, in his judgment, deem it best and advisable to make advances to his said children, George S. Sneer and Minnie E. Sneer, or either of them." It is then said in argument: "These clauses, when applied to the determination of the estate or title of George Sneer, show that it is absolute, unconditional, and without any limitation upon its use, enjoyment or appropriation of the property bequeathed." Appellees then invoke the rule announced by this court that "if the first devisee has power, by the terms of the will, to dispose of the property, he must be considered the absolute owner, and any limitation over is void for repugnance." *Halliday v. Stickler*, 78 Iowa, 388. The rule has been repeatedly announced. Its application, however, to this case is not warranted by the facts. In every case where the rule invoked has been applied, the devisee, with right of disposal, was authorized to exercise such right for himself, and not in a representative capacity; in other words, the devise has been held *absolute* to the devisee. In the case at bar the will gave to George Sneer, in his own right, no property rights, nor does it confer upon him any power or authority not of a representative character. The words of the second clause of the will, quoted by appellees, contain the

words "in trust," and the phrase qualifies the entire will in so far as it devolves upon him a right or duty. The words of the third clause of the will, granting to him the power to control the property, "with full and ample authority to rent, lease, contract, bargain, sell, and convey,   *   *   *   in his own name," specify that he shall do so "as executor of this will."   If, in this connection, we determine the intention of the testatrix as to each of the legatees, we may be in a better situation to meet some of the difficult questions that confront us. As we have said, Geo. Sneer takes only in a trust capacity.   It does not seem to have been the intention that George S. and Minnie E. should ever possess the property in their own right, or any part of it.   It was given to their father, to be used and managed for them *during his lifetime*, should they survive him.    The language thus far is doubtful, at least, as to the status of the property if George Sneer should die; that is, it does not appear whether the property would then go to George S. and Minnie, or a trust be continued for their benefit. A later clause seems to leave it without doubt.   It is said:   "In case my said son, George Sneer, shall die before my own death, then the property hereby bequeathed shall, upon my death, go directly to the said George S. Sneer and Minnie E. Sneer, in trust for their children."   It then provides that the manner of exercising the trust by them shall be the same as that of George Sneer.   This provision is explanatory of the granting clause to George Sneer, and shows that it was not the testamentary intent to invest him with the title to the property in trust for George S. and Minnie, but that he took the property, as is expressed, to manage and use for them during his lifetime; that is, they were to have the rents and profits arising from such use and management, but the property itself, either in kind as received, or in its

changed condition by reason of the use and management, is vested in trust for the children of George S. Sneer and Minnie. The conclusion is further aided by a provision as to how the title should vest in case of the death of George after the decease of either George S. or Minnie, and it is then provided that the survivor shall take "the whole estate in trust, as hereafter particularly described." No description thereafter aids a conclusion that George S. and Minnie, or either of them, was to take the property of the estate in their own right, other than the proceeds of the same during the lifetime of George Sneer. The latter provisions are in aid of the conclusion that the property of the estate in the hands of George S. and Minnie, or either of them, should be only in trust for their children. We incline to the view that these conclusions are not disputed, because any other conclusion as to a testamentary intent regarding the ownership of the property would do away with a necessity for resorting to the construction of the will claimed by appellees to avoid the trust. It is said that if George Sneer had only an estate in trust for the benefit of appellees, "it certainly must be limited to the estate over after his use and enjoyment thereof." But he had no use and enjoyment of the estate in his own right. He could only use the estate for others,—appellees,—if they survived him. This is precisely what we regard as the distinctive feature of this case from those relied on. In the same connection it is again said: "If these appellees have the power of absolute disposal, as their immediate ancestor had, they also have an estate in fee, and consequently there will be nothing for defendants, unless it shall be the remainder over after the death of the appellees without leaving issue surviving them." The argument implies an authority on the part of George Sneer, "the immediate ancestor," and the appellees, as having the same

authority under the trust, when it devolved upon them, to dispose of the property on their own account, which we hold they did not possess.   No greater authority on the part of George Sneer can be deduced from the instrument, in the way of exhausting the property, than to make advances to George S. and Minnie E. during his life; but his right to do so from the property other than the increase from use and management is, at least, doubtful.   But, if possessed, it would not aid a construction to make him an absolute owner of the property.   The same considerations are applicable to George S. and Minnie after the trust devolved upon them.   The language, both as to George and his children, giving them power and authority to dispose of the property without interference, is limited by the trust imposed, and is to be taken as fixing the manner of its discharge, and not as conferring property rights.   Our conclusion is that the interest of the plaintiffs in the estate is the accumulations thereto in consequence of the use and management by George Sneer; that the estate, other than such accumulations, is in the hands of plaintiffs, in trust for their children; and that the interest of the defendants is contingent, depending upon the fact of George S. and Minnie E. dying "without leaving issue surviving them."   In case they do, they have an interest; otherwise none.   We realize that there is some language of the will that casts an uncertainty upon its construction, but any other conclusion does not give relief from it, but adds to the difficulty.   It is to be regretted that in so important an instrument the intent of the testatrix could not have been expressed with greater clearness.   The decree of the District Court is *reversed.*