Melini & Eakin v. Freige & Bro.

[No. 1334, August 9, 1910.]

CHARLES MELINI and J. D. EAKIN, Co-Partners
    Under the Firm Name of Melini & Eakin, Appellants,
    v. FREIGE and NICHOLAS FREIGE, Co-Partners
    Under the Firm Name of Alex Freige & Brother, Ap-
    pellees.

SYLLABUS (BY THE COURT.)

1. Assignments of error which fail to point out the spe-
cific error complained of, will not be considered on appeal.
Cevada v. Miera, 10 N. M. 62.

2. An assignment of error that a verdict is against the
weight of the evidence will not be considered on appeal.
Cunningham v. Springer, 13 N. M. 259.

3. Error on the improper dissolution of an attachment
is harmless where finding in the main case was that defend-
ant owed plaintiff nothing.

4. Where the matter at issue was whether or not a valu-
able consideration was paid for the abrogation of a lease
and evidence was introduced that certain articles of personal
property were given in consideration of such abrogation, it
is not error to allow the owner of such property to testify
as to their cost as tending to show that they had some value.

Appeal from the District Court for Bernalillo County
before IRA A. ABBOTT, Associate Justice.    Affirmed.

ISAAC BARTH for Appellants.

The purpose of an attachment is to secure to the
plaintiff the benefit of such judgment as he might recover.
4 Cyc. page 403, and cases cited; Laws 1907, ch. 107; Smith
Drug Co. v. Casper Drug Co., 40 Pac. 979; 4 Cyc. 812;
Adams v. Evant, Miss. 1896, 19 So. 834; Hockspringer v.
Ballenburg, 16 Ohio 304; Emmett v. Yeigh, 12 Ohio St.
335; Carton v. Paige, 9 Ohio St. 397; Harrison v. King,
9 Ohio St. 388; Tallon v. Elison, 3 Neb. 63.

Melini & Eakin v. Freige & Bro.

The only ground for the dissolution of an attachment is that it was improperly or irregularly issued.   Century Digest 943; Mason v. Lieuallen, 1895, Idaho; Cooper v. Reeves, 13 Ind. 53; Searcy v. Platte County, 10 Mo. 269; Waldert v. Nedderhut Packing Co., 18 Tex. Civ. App. 602; Ward v. Ward, 43 W. Va. 1.

Parole is inadmissable to prove the cancelling of a written contract.   It is the strongest evidence that can be given against it. Century Digest, vol. 20, column 3095; Sharkey v. Wood, 5 Rob. 326; William Deering & Co. v. Russell, 5 N. D. 319; Stewart v. Kindell, 15 Colo. 539; Kern v. Calvit, 1 Miss., Walk. 115, 12 Am. Dec. 537; U. S. v. Hughes, 34 Fed. 732; State v. Miller, 49 Mo. 505.

NEILL B. FIELD for Appellee.

If the cause of action fails the attachment must fall with it.   C. L. 1897, sub-secs. 43, 46.

When a party to an action applies for an order which is granted to him upon the condition of paying costs or doing any other thing, and the party accepts the benefit of the order, and performs the condition, he waives his right to appeal from that part of the order imposing the condition.   Cogswell v. Colley, 22 Wisc. 399; Radway v. Graham, 4 Abb. 468; Vail v. Remsen, 7 Paige 206; Bennett v. Van Syckel, 18 N. Y. 481; Buckman v. Alwood, 44 Ill. 183; Holt v. Rees, 46 Ill. 181; Glackin v. Zeller, 52 Barb. 152; Burton v. Brown's Executors, 22 Gratt., Va. 1; Alabama & V. Ry. Co. v. Davis, 69 Miss. 444, 13 South. 693; Tuller v. Howard, 40 N. Y. 739, 17 Mics. 105; Flanders v. Town of Merrimac, 44 Wis. 621, 623; Smith v. Morgan, 56 S. W. Tex. 950, 951; U. S. v. Griego, 11 N. M. 392, 411.

A general assignment of errors or an assignment of error that the verdict is contrary to the weight of the evidence or against the law and the evidence, will not be considered on appeal.   Cunningham v. Springer, 13 N. M. 259, 273; Chaves v. Lucero, 13 N. M. 368, 380; Maxwell v. Tufts, 8 N. M. 401; Lamy v. Lamy, 4 N. M. 29; Mogollon v. Stout, 14 N. M. 245; Cevada v. Miera, 10 N. M.

62, 66; Pearce v. Strickler, 9 N. M. 467; ·Badeau v. Baca, 2 N. M. 194; Territory v. Webb. 2 N. M. 147; Waldo v. Beckwith, 1 N. M. 97; Territory v. Maxwell, 2 N. M. 250; Torlina v. Trorlich, 5 N. M. 148; Armijo v. Abeytia, 5 N. M. 533; U. S. v. De Amador, 6 N. M. 173; Territory v. Hicks, 6 N. M. 596; Trujillo v. Territory, 7 N. M. 43; A. T. & S. F. Ry. Co. v Martin, 7 N. M. 158; Green v. Browne & Manzanares, 11 N. M. 658; Robinson v. Palatine Insurance Co., 11 N. M. 162; Schofield v. Territory, 9 N. M. 526.

The only absolute test we can have of the value of a merchantable article is what it has been sold for at a fair sale. Budd v. Van Orden, 33 N. J. Eq. 143, 146; Burke v. Pierce, 83 Fed. 95; Swanson v. Keokuk & W. R. Co., 116 Iowa 304, 89 N. W. 1088; Atwood v. Berss, 45 Mich. 469; 8 N. W. 55; Humphreys v. Minn. Clay Co., 94 Minn. 469, 103 N. W. 338; Southern Ry. Co. v. Williams, 113 Ga. 335, 38 S. E. 744; Terre Haute & I. R. Co. v. Smith, 65 Ill. App. 101; Bringham v. Knox 127 Cal. 40, 59 Pac. 198; Matthews v. Mo. Pac. Ry. Co., 142 Mo. 645, 44 S. W. 802.

### STATEMENT OF FACTS.

This was an action brought by the appellants, hereinafter called plaintiffs, against appellees, hereinafter called defendants, in the district court of Bernalillo County for the recovery of rent. A lease had been made February 10, 1908, between these parties for the rental of a building in Albuquerque at $80 per month for a period of two years. The complaint alleges that the defendants quit the premises and were at the time indebted to the plaintiffs in the sum of $440, for rent due, and they brought suit for this amount and for the further sum of $100 for attorney's fees expended in enforcing covenants of the lease. The defendants answered that they had rented the building for the rental specified in the complaint and that they quit the premises on or about the first day of May, 1908; that it was agreed between them and plaintiffs; "that the said plaintiffs would accept and receive from the said defendants, and that the said defendants would deliver and surrender to said plaintiffs, certain shelving and fixtures, and electric

light wiring, and the rights of these defendants to certain moneys theretofore paid by these defendants to the Albuquerque Water Supply Company and the Albuquerque Gas, Electric Light and Power Company by way of advance payment for services of said companies, and that the said plaintiffs in consideration thereof, would and did consent to the abrogation of the said lease and to the release of these defendants from all further liability on account thereof;" and that in consideration of said agreement the appellees did surrender and deliver to appellants and appellants did receive from appellees, "certain shelving and fixtures, and electric light wiring, and the rights of these defendants to certain moneys theretofore paid by these defendants to the Albuquerque Water Supply Company and the Albuquerque Gas, Electric Light and Power Company and did then and there accept from these defendants possession of said leased premises, and did agree to release these defendants from all liability on account of the covenants contained in the said lease and from all liability for rent thereafter to accrue under the terms thereof, which said release and surrender was by the said defendants accepted and acted upon."

The plaintiffs sued out a writ of attachment against the defendants and garnisheed two banks in which the defendants had money on deposit. After the answer of the defendants was filed, and they also filed a traverse of affidavit in attachment, they moved for judgment on the pleadings for want of a reply to the new matter set forth in the answer. Thereafter the plaintiffs moved for leave to file reply, which motion was by the court granted upon conditions, the condition being 'that the plaintiffs should forthwith file a written dismissal of the attachment and discharge the garnishees. Thereafter the plaintiffs filed a written dismissal of their attachment and a reply denying the new matter set up in the answer. The case was tried to a jury and a verdict returned finding issues for the defendants.

Melini & Eakin v. Freige & Bro.

## OPINION OF THE COURT.

MECHEM, J.—There are six assignments of error made in the brief. Of these, the 2nd, 3rd, and 6th assignments read as follows:

"That the said verdict is contrary to the law and the evidence."

"That said verdict was rendered against the weight of evidence," and "for many other manifest errors in the trial of this cause, which appear in the record and were prejudicial to the plaintiff."

It has been repeatedly held by this court that an assignment of error must point out the specific error complained of. Schofield v. Territory, 9 N. M. 526; Cevada v. Miera, 10 N. M. 62; Pearce v. Strickler, 9 N. M. 467.

In the case of Cunningham v. Springer, 13 N. M. 259, it was said: "This court has repeatedly held, that where there is a conflict of evidence, it being the exclusive province of the jury to determine the weight and credibility of the testimony, the verdict will not be disturbed in the appellate court"; citing numerous cases heretofore decided on this point by the court.

For these reasons we will not consider the 2nd, 3rd and 6th assignments of error.

2. The plaintiffs assign error to the action of the court in requiring them, before leave to file a reply, to dismiss their attachment. In view of the fact that the jury found that there was no debt owing from defendants to the plaintiffs, we deem it unnecessary to pass upon this assignment, because if the debt upon which the attachment was set out did not exist, it did not matter whether or not there was error in the court's requiring the appellants to dismiss their attachment for had the attachment remained in force there could have been no lien. Smith v. Morgan, 56 S. W. 950.

3. By their fourth and fifth assignments of error, the plaintiffs claim that the court erred in permitting the witness Alex Fregie, one of the defendants, to testify as to the value of the electric light fixtures, and shelving alleged to have been left in the building because said evi-

dence is irrelevant and immaterial, and because no proper foundation for such evidence is laid.

We have examined the record of this witness' testimony and find that he did not testify as to the value of the shelving and fixtures, but only as to what they cost, but we believe that this evidence was admissible as it went to show that the shelving and fixtures constituted a valuable consideration, for it was alleged in the answer that "the said lease was for a valuable consideration by the defendants to the plaintiffs then and there paid, then and there surrendered and abrogated;" and the reply denies this in these words: "The plaintiffs deny that for a valuable consideration or at all they did abrogate the lease mentioned in the pleadings herein." The consideration alleged by the defendants to be a valuable consideration was the shelving and fixtures, so that necessarily the question was raised as to whether or not they were a valuable consideration. Therefore, any evidence tending to show that they were of some value was competent and material, and certainly, testimony as to what they cost the person parting with them was competent to show, not their value, but that they were of some value.

For the foregoing reasons the judgment of the lower court is affirmed; and it is so ordered.