(No. 1596, April 28, 1914)

In the Matter of CHAS. C. MURRAY, Receiver of the New Mexico Central Railroad Company, petitioning the court for an order ratifying and approving the resolution passed by the Board of County Commissioners of Torrance County, recommending an adjustment and settlement of the taxes assessed against said railroad for the years 1910, 1911 and 1912, respectively.

## SYLLABUS BY THE COURT.

1. In the absence of an assignment of errors, where the same is required by statute or rule of court, no relief is asked of the appellate court, and it will not enter upon a consideration of the case. And, where the appellant or plaintiff in error has failed to file an assignment of errors, as required by Section 21, Chapter 57, S. L. 1907, and no attempt is made to excuse the default, the appeal or writ of error will be dismissed.                                                    P. 55

Appeal from District Court, Torrance County. Edward L. Medler, Presiding Judge. Appeal dismissed.

FRANK W. CLANCY AND H. B. HAMILTON, Attorneys for Appellant.

Taxes. Cooley on Taxation, p. 527; Vol. 37 Cyc. pp. 1170-1; Vol. 23 Cyc., Sec. D, p. 681; Vol. 12 Enc. Ple. and Pc. p. 179; Abbott's Trial Brief, Vol. 11, p. 976.

E. W. DOBSON, Attorney for Appellee.

Construction of Statute. Lewis' Sutherland Stat. Construction, Vol. 2, p. 852; 13 Ohio St. Rep. 458, 465; 2 Mass. 136; Lewis' Sutherland Stat. Con. pp. 910, 915.

## OPINION OF THE COURT.

ROBERTS, C. J.—Upon petition of Charles C. Murray, Receiver of the New Mexico Central Railroad Company, the district court of Torrance County entered an order approving a resolution passed by the Board of

County Commissioners of said county, recommending an adjustment and compromise of the taxes assessed against said railroad company for the years 1910, 1911 and 1912, respectively, and the county treasurer was ordered and directed to accept the amount so found to be due by the decree in full settlement of the said taxes. From this order the county treasurer appealed to this court, but has failed to file any assignments of error. For this default, appellee moves to dismiss the appeal. Both parties have filed briefs on the merits of the case, but appellant has made no offer to cure his failure to file assignments of error. If the appellant must make and file assignments of error, in order to secure a consideration of the cause on appeal, which he fails to do, it follows necessarily that the merits of the case will not be considered by this court.

Section 21, Chapter 57, S. L. 1907, provides:

"On appeals and writs of error, the appellant and plaintiff in error shall assign errors and serve a copy of such assignments of error on the opposite party in the same manner that copies of pleadings are served, and file a copy with the clerk of the Supreme Court on or before the return day to which the cause is returnable, which said assignments of error shall be written on a separate paper and filed in the cause, and shall be also copied into the brief of appellant or plaintiff in error, and each error relied upon shall be stated in a separate paragraph. In default of such assignment of error and filing the same, the appeal or writ of error may be dismissed and the judgment affirmed, unless good cause for failure be shown. Unless exception is filed or taken to the assignments of error, the opposite party shall be deemed to have joined in error, upon the assignments of error so filed."

From the above it will be seen that the statute contemplates that assignments of error shall be filed in all civil cases taken to the Supreme Court by appeal, or in which a write of error may have been sued out. The assignments of error is, in legal contemplation, the complaint of the appellant or plaintiff in error. In it he sets forth the errors committed by the trial court, which he seeks to have reviewed by the appellate court. In a sense, it per-

forms the same office as does a complaint filed in the trial court. Without a complaint the jurisdiction of the trial court cannot be invoked. In the absence of an assignment of errors, where the same is required by statute or rule of court, no relief is asked of the appellate court, and it will not enter upon a consideration of the case. Appellant contends, however, that this court should, without assignments of error, consider jurisdictional questions. It is true, perhaps, that the court could, should it enter upon the consideration of a cause, upon errors assigned, upon discovering that the trial court was without jurisdiction, although such lack of jurisdiction had not been raised by the assignments of error, notice the same, and set aside the judgment. It would do so, because otherwise it would be affirming a void judgment. But where no assignments of error is filed the court will not enter upon the consideration of the cause, but will dismiss the same, leaving the parties in the same position as if no appeal had been taken.

The territorial supreme court uniformly held that where the appellant or plaintiff in error failed to file assignments of error, within the time required by the statute, the court would, upon motion of appellee or defendant in error, interposed before the default had been cured, dismiss the cause, in the absence· of a satisfactory showing excusing the default. Price et al. vs. Toti et al., 16 N. M. 1; The Sacramento Irrigation Co. vs. Lee, 15 N. M. 567; Martin vs. Territory, 6 N. M. 491; Lamy vs. Lamy, 4 N. M. 29. These cases were followed by this court in the case of Lund vs. Gilbert, 17 N. M. 265. In the case of Ditch vs. Sennott, 116 Ill. 288, the facts were identical with the present case, as shown by the following excerpt from the opinion:

"On the case being reached, in conference, for decision, long after the term had expired, we find it objected by counsel for appellees that no errors have been assigned upon the record, our attention being thus called to it for the first time."

In that state there was no statute requiring the filing of assignments of error, but there was a court rule, in

almost identical language with our statute. The court, in dismissing the appeal, quotes with approval the following excerpt from the case of Williston vs. Fisher, 28 Ill. 43:

"An assignment of errors in this court performs the same office as a declaration in a court of original jurisdiction. It would be just as regular and proper for the circuit court to render a judgment in a cause where there is no declaration, as for this court to affirm or reverse a judgment where there is no assignments of error. We should reverse such a judgment rendered in the circuit court and we should commit the same error to render a judgment here without the necessary pleading."

See also, Burrall vs. The Am. Tel. & Telegraph Co., 217 Ill. 189; Davis vs. Lang, 153 Ill. 175; Jesse French Piano & Organ Co. vs. Meehan, 77 Ill. App. 577.

In the case of State vs. Echert, 35 Ind. 283, the court say:

"No errors are assigned, and we cannot therefore regard the case as properly here for any purpose."

In the case of Benneson vs. Savage, 119 Ill. 135, the court say:

"There having been no errors assigned on the record of the Appellate Court, there is and can be no joinder in error, and therefore no issue for this court to try."

Appellant having failed to file assignments of error, and failing to make any showing attempting to excuse the default, the appeal will be dismissed, because as the record is now presented there is no issue for this court to try, and it is so ordered.