(No. 2386.   March 20, 1920.)

## KERSHNER v. TRINIDAD MILL. & MIN. CO. et al.

### SYLLABUS BY THE COURT.

1.   Assignments of error examined and **held** sufficient.
P. 73

2.   A general rule as to the form and sufficiency of assignments of error is stated as follows:   (1) Each error complained of must be separately pointed out.   (2) Each assignment must specifically refer to some action or ruling of the lower court which it is sought to review.   (3) Each act or ruling of the court occurring either prior or subsequent to the final judgment, and which it is sought to review, must be separately and specifically pointed out.   (4) An assignment attacking the judgment presents only such error as inheres in the judgment itself.   (5) Reasons why any given action of the trial court is deemed to be erroneous are in the nature of argument, and are not only not required in an assignment of error, but are entirely improper, and should be found only in the brief.   P. 91

3.   A motion to strike from the files assignments of error is not a proper remedy to search the record and to present the question as to whether error has been properly saved in the court below or is otherwise unavailable.   P. 91

ROBERTS, J., dissenting.

Appeal from District Court, Taos County; Leib, Judge.

Action between William D. Kershner and the Trinidad Milling & Mining Company and others.   Judgment for the latter, and the former appeals.   On motion to strike from the files all the appellant's assignments of error.   Denied.

F. T. CHEETHAM, of Taos, for appellant.

BICKLEY, KIKER & VOORHEES, of Raton, for appellees.

### OPINION OF THE COURT.

PARKER, C. J.   [**1**]   This is a motion to strike from the files all of the assignments of error of appellant.   As-

signments 1 to 12 relate to the alleged erroneous admission of evidence, of which No. 2 is an example as follows:

"(2) The district court erred in admitting, over the objection of plaintiff, Defendant's Exhibits A and B, as shown on pages 54 and 55 of transcript."

Assignments 13 to 33 relate to alleged erroneous findings of fact and conclusions of law, of which Nos. 13, 21, 25, and 27 are examples, as follows:

"(13) The district court erred in making finding No. 4 of its findings of fact, in holding that in the spring of 1913, after the completion of the transfer from McKean et al., F. W. Reed et al., as agent and representative of the Trinidad Milling & Mining Company, re-ran lines and posted notice of location on said property."

"(21) The district court erred in its finding No. 12."

"(25) The district court erred in its conclusion of law No. 1, in holding that the acts of the Trinidad Milling & Mining Company constituted substantial compliance with the requirements of law as to location and appropriation of mill sites and that it never forfeited, relinquished, or abandoned same."

"(27) The district court erred in its conclusion of law No. 3."

These assignments are attacked by appellee as insufficient upon the following grounds, as appears in the brief of counsel:

(1) "All of the assignments of error are too general, vague, uncertain, incomplete, and indefinite to be entitled to consideration.

"The assignments numbered No. 13 to 33, inclusive, all go to the findings, conclusions, and judgment, and are wholly untenable, because:

(2) "No proper exceptions taken in the lower court;

(3) "No attempt made to point out wherein same are erroneous.

"All the other assignments (1 to 12, inclusive) relate to the admissibility and nonadmissibility of evidence, of which all of them fail:

(4) "To point out wherein the evidence complained of was prejudicial to the appellants;

(5)  "To quote, state the substance of or point out the particular evidence complained of;

(6)  "To state that the evidence complained of was considered by the court in arriving at its judgment;

(7)  "To point out that there is no other substantial evidence outside that complained of, to support the findings, conclusions and judgment."

This situation presents for consideration the fundamental nature of assignments of error and the function which they subserve in appellate procedure. In view of the obscurity in our decisions on this subject, as well as elsewhere, it is deemed proper to re-examine the whole subject to the end that the position of the court may be made plain and the practice may become settled.

The general nature and function of an assignment of error have been variously defined by text-writers and courts. Thus in 2 Tidd's Prac. 1168, it is said:

"An assignment of errors is in the nature of a declaration, and is either of errors in fact or errors in law."

In Elliott's App. Procedure, § 299, it is said:

"The office of the assignment of errors is to specifically and definitely present for review by the appellate tribunal the rulings of the trial court which the appealing party deems erroneous."

Judge Eliott further says in section 300 that:

"The assignment of errors is, in effect, the complaint in the appellate tribunal, and hence it is necessary that it should be so framed that issue can be joined upon it. It is the pleading which calls into exercise the appellate power; and without it that power is not invoked. By it the case is brought into the appellate court, and upon it is formed the issue, or issues, on which judgment is given in all cases except those in which a question outside of the record is presented in an appropriate mode. In all cases where a review of previously decided questions is sought, errors must be properly assigned."

See, also, to the same effect, 3 C. J.. "Appeal and Error," § 1461; 2 R. C. L. "Appeal and Error," § 134; Wade, New Mexico App. Proc. § 485; Lamy v. Lamy, 4 N. M. (Gild.) 29, 12 Pac. 650; Martin v. Terry, 6 N. M.

491, 30 Pac. 951; In re Murray, 19 N. M. 53, 140 Pac. 1042; Farmers' Co. v. Rayado & Co., 18 N. M. 1, 133 Pac. 104.

In many jurisdictions the assignment of errors is no longer required, and resort may be had to the brief on argument to ascertain the cause of complaint in the appellate court. In this jurisdiction, however, an assignment of error is required by statute, and "each error relied upon shall be stated in a separate paragraph." Chapter 43, § 22, Laws 1917. It is to be observed, in connection with our statute, that nothing is said therein as to the form of the assignment. Nothing further is required than that each error shall be assigned separately. The statute requires no specification of reasons why the action of the court is thought to be erroneous, nor is any required degree of certainty or particularity prescribed. Our statute has always been in practically the same form. If anything more is required in an assignment of error than that it shall fairly point out the error complained of, it must arise out of judicial construction or rule of court.

At the time this case was docketed our rule 12 (133 Pac. x), which is also our present rule in this regard, merely followed the terms of the statute, and in no way enlarged the requirements therein prescribed. Unless, therefore, this court by previous decisions has committed itself to greater strictness than the statute would seem to prescribe, the assignments in this case are sufficient.

Our cases naturally arrange themselves into two groups: (1) Those where the assignments are held to be too general and indefinite; (2) those where they have failed to point out reasons why the action of the court was erroneous.

In group No. 1 numerous cases have been decided by the territorial and this court. In Territory v. Yarberry,

2 N .M. 391, 454, the objection which the appellant as-
signed in his brief was that the judge was required to
charge the law of the case—that is to say, comprehen-
sively and fully, not in part only, nor upon a particular
theory of guilt—and that he failed in his charge to com-
ply with this duty, so intepreted. It appears from the
opinion on page 454 that the objections urged in the
court below to the instruction were to ''each and every
part of said charge,'' and that the appellant did not ex-
cept to any particular error in law in said charge. The
court said:

"Our rules require that he should specify distinctly the sev-
eral matters in law to which he excepts; otherwise, this court
will not consider such general exceptions."

Upon argument before the court it was contended that
the trial judge erred in limiting the jury to a considera-
tion of murder in the first degree. It is evident that
the court was discussing the exceptions taken in the trial
court, rather than an assignment of error in the Supreme
Court of the territory, although the court relied upon its
own rules at that time requiring definiteness in as-
signments. At the time this opinion was written no
provision by statute was made for the filing of the as-
signments of error, but rule 3 of the Supreme Court at
that time prohibited district courts from allowing bills
of exceptions upon any general exception to the whole
charge of the court, but the party excepting was required
to state distinctly the several matters of law in such
charge to which he excepted. It is apparent, therefore,
that the court was not discussing an assignment of error
in that case, considered as a pleading, but was merely
following out its own rule requiring definiteness and
certainty in the exceptions taken to the instructions of
the court at the trial. The case, therefore, is of no par-
ticular value in this discussion.

In Pearce v. Strickler, 9 N. M. 467, 471, 54 Pac. 748,
the assignments related to the admission and exclusion
of evidence, but failed in any way to indicate the evi-
dence held to be improperly admitted or rejected, and

the motion for a new trial did not point out such evidence. The court very properly held that the assignments were too general to receive consideration, and said:

"Such assignment indicates the hope of counsel that the court may by its examination discover some errors as to the admission or rejection of evidence upon which a reversal might be had, rather than that error has actually occurred, and that counsel has discovered and relies upon it."

This holding was undoubtedly correct. Under such circumstances, no cause of action in the appellate court was stated, and consequently there was nothing for review.

In Schofield v. Territory, 9 N. M. 526, 534, 56 Pac. 306, 311, the assignment was that the court (2) erred in admitting illegal and improper testimony over the exception and objection of plaintiffs in error, at the trial before the jury; (3) that it erred in excluding the introduction of legal and proper evidence offered by plaintiffs in error at said trial. The court said:

"The second and third assignments are, we think, too general for us to consider. They do not point out errors specifically, but leave it for us to examine the entire testimony and charge to the jury, and consider each and every exception taken to any part of it. Rule 14 of this court says: 'Each error relied upon shall be stated in a separate paragraph.' It cannot be contended that these general assignments comply with this rule, and this court therefore will not consider them, as they are not well taken. Pearce v. Strickler, heretofore decided at this term of court."

The opinion in this case places the conclusion that the assignments are unavailing upon a slightly different ground, or an additional ground, from that upon which the decision in Pearce v. Strickler was founded. In the Pearce-Strickler Case the assignments were held to be bad for uncertainty. In the Schofield Case they were held to be bad, not only for uncertainty, but by reason of the violation of the rule of court requiring errors to be separately stated. The assignments were necessarily unavailing for both reasons.

In Cevada v. Miera, 10 N. M. 62, 65, 61 Pac. 125, an assignment that ''the judgment of the court is contrary to the law'' was held to be unavailing, because it did not point out in what particular such judgment was contrary to the law. The court cited the Pearce-Strickler and Schofield-Territory cases as authority for the holding. This case presents the fundamental principles which underlie the whole question. Of course, to say that a final judgment is erroneous is in a sense to question all the acts of the court which led up to the judgment and upon which it is founded. The judgment may be erroneous because inadmissible evidence was admitted, upon which the same was afterwards founded. It may be erroneous because admissible evidence was excluded, which would have changed the result. It may be erroneous because the court made findings of fact not supported by substantial evidence, and upon which the judgment was founded. It may be erroneous because the court incorrectly sustained or overruled some attack upon the pleadings, which resulted in an incorrect final conclusion. It may be erroneous because an unqualified juror sat in the trial and participated in the verdict, or a disqualified judge sat at the trial. Many other things might occur in the trial of a cause which would render the final judgment erroneous.

But in all such cases, while the judgment is, in a broad sense, erroneous, the real error consists in the action of the court which resulted in the judgment.. The error causing the injury to the plaintiff is not in the judgment itself, but it is in the erroneous ruling of the court which resulted in the judgment. The judgment may be absolutely sound upon the record as it stands; the vice in the proceeding being located at those places in the record where the court went astray and made erroneous rulings or findings or conclusions. In all such cases it is apparent that an assignment of error must point out the alleged erroneous ruling of the court, and an assignment which merely attacks the final judgment as erroneous would be unavailing.

But where, on the other hand, error inheres in the judgment itself, an assignment attacking the same as erroneous would present the question for review. For example, if the judgment is not authorized as a matter of law from the findings of law and fact, or was prematurely entered, or was for too large or too small an amount, or awarded improper relief, the judgment itself is erroneous, and an assignment to that effect would be sufficient to present the question to this court.

In Ruiz v. Territory, 10 N. M. 120, 132, 61 Pac. 126, 127, the assignment was: "The verdict is not supported by the evidence." The court said:

"While this assignment of error is too general, and in an ordinary case would not be sufficient, this is a capital case, and therefore the court will consider this assignment, inasmuch as the argument of the learned counsel, at the hearing in this court, indicates what he deems to be the error intended to be raised by this assignment. The counsel contends, and, in fact, that was the sole defense urged in behalf of the defendant in the lower court, that the defendant was intoxicated to such a degree that he was totally incapable of forming a deliberate and premeditated intention to kill, which is necessary to a conviction of murder in the first degree, and that, therefore, his conviction of murder in the first degree cannot be sustained, in view of the fact of the intoxication of the defendant."

The court in this case evidently overlooked the fact that no assignments of error were required in criminal cases, and that therefore it was proper, and the court was required, to consider the argument of counsel in the briefs for appellant, that, drunkenness having been shown to be of such a degree as to deprive the defendant of the ability to form a deliberate and premeditated intention to kill, the verdict could not be sustained. Had assignments of error been required in criminal cases at the time this opinion was rendered, we doubt the soundness of the conclusion that the assignment in question was insufficient. The assignment was the equivalent of saying that there was no substantial evidence to support the verdict, which we consider a good assignment. See King v. Tabor, 15 N. M. 488, 110 Pac. 601, where such an assignment is held good. The place to point out why

the verdict is not supported by substantial evidence is in the briefs of counsel, not in the assignment of error. The ultimate fact in such a case is whether the verdict is, or is not, supported by substantial evidence. If there is a lack of some necessary element of proof, the same can be pointed out in the briefs, and the assignment of error should not be encumbered with such detail.

In U. S. v. Rio Grande, etc., Co., 10 N. M. 617, 635, 65 Pac. 276, 283, the assignment was:

"(10) The court erred in this: That none of the facts found by the court are sustained by the evidence in the case."

The court said:

"The tenth assignment of error is general, and is directed to all of the findings of fact by the court, and cannot be sustained."

This holding was undoubtedly correct, as this assignment violated the requirement of the statute to the effect that each error must be separately assigned.

In Territory v. Guillen, 11 N. M. 194, 66 Pac. 527, there were no assignments of error, it being a criminal case, and the court in the opinion was discussing the exceptions which were taken in the court below. The exception taken to the instruction failed to point out any reason why they were erroneous, and in the brief in the Supreme Court there was no attempt made by counsel to specify in what respect the instructions were erroneous. Some confusion appears in the opinion in attributing to exceptions in the trial court the same nature and requirements as assignments of error in this court, and Pearce v. Strickler, 9 N. M. 467, 54 Pac. 748, is cited and relied upon. The discussion of the requirements of exceptions to instructions in the trial court is undoubtedly sound, but this case has no real application to the question before us, which is as to the form and sufficiency of the assignments of error in this court.

In Territory v. Cordova, 11 N. M. 367, 370, 68 Pac. 919, the assignment was:

"The court erred in admitting improper, irrelevant and incompetent evidence in the trial of said case."

The court held that this assignment violated the requirement of separate statements of errors complained of and was therefore unavailing. This was also a criminal case, in which assignments of error were not required, and we assume from the opinion that the briefs of counsel failed to point out the testimony erroneously admitted. As a discussion of the requirement in regard to the assignments of error the case is undoubtedly sound.

In Territory v. Clark, 13 N. M. 59, 61, 79 Pac. 708, there was no specific objection made to the court's charge from the trial, nor in the motion or amended motion for a new trial, and in the assignments of error it was simply stated that the court erred in giving certain numbered paragraphs of its instructions to the jury. Here, again, confusion is to be seen between objections to instructions in the court below and assignments of error in this court. The holding in this case is correct, but it is for the reason that no error was properly saved in the court below, and therefore the assignments in the Supreme Court were not available. If an instruction is properly excepted to in the court below, and the trial court's attention is called to the vice in the instruction, we know of no reason why an assignment in this court, to the effect that the court erred in giving to the jury the instruction, is not a good assignment.

In Mogollon G. & C. Co. v. Stout, 14 N. M. 245, 257, 91 Pac. 724, five of the assignments of error failed to point out the particular testimony which was thought to be objectionable, and the plaintiff in error in the court below, in its motion for a new trial, failed likewise to point out what testimony should have been excluded. The holding in this case was undoubtedly correct for both reasons assigned, namely, that the alleged error

was not called to the attention of the trial court in the motion for a new trial, nor was it called to the attention of the Supreme Court in the assignment of error, by pointing out the alleged objectionable testimony.

In Melini et al. v. Freige et al., 15 N. M. 455, 459, 110 Pac. 563, 564, the assignments were:

"The said verdict is contrary to the law and the evidence;" "that said verdict was rendered against the weight of the evidence;" "and for many other manifest errors in the trial of this cause, which appear in the record and were prejudicial to the plaintiff."

These assignments were held to be ineffectual for two reasons, namely, that they were not specific, and that they raised no question which was reviewable by this court, there being made no claim in them that the verdict was not sustained by substantial evidence. The claim seemed to be that the verdict was against the weight of the evidence. The holding was undoubtedly correct. If the assignment had questioned the verdict upon the ground that it was not supported by any substantial evidence, a different question would have been presented.

In Neher v. Viviani, 15 N. M. 460, 470, 110 Pac. 695, the assignments were not considered in the briefs of counsel, nor did they specifically indicate the error complained of. For this reason the court refused to consider them. The holding was undoubtedly correct for the reason first mentioned.

In McRae et al. v. Cassan, 15 N. M. 496, 499, 110 Pac. 574, 575, the assignments were:

"That the trial court erred in finding from the evidence, in favor of the plaintiff or the appellee and against the defendant or appellant;" "that the decision rendered in said cause, by the trial court, in favor of the appellee and against the appellant, is against the weight of the evidence produced in the trial of said cause;" and "that the decision of said cause, by the trial court, in favor of the appellee and against the appellant, is contrary to the laws of this territory."

These assignments were held to be too general for consideration, and they were overruled for the reason that the record disclosed that there was substantial evidence to sustain the judgment of the trial court. The holding in this case was undoubtedly correct upon the theory that they presented no question for review; the judgment being supported by substantial evidence.

In Friday v. Railway Co., 16 N. M. 434, 439, 120 Pac. 316, 317, the assignment was:

"The court erred in receiving illegal and incompetent testimony offered by the appellee of the witnesses E. E. Friday, A. R. Jones, M. J. De Mier, W. R. Ratliff, W. G. May, Robert Taylor, and Fred Fisher."

The court refused to consider this assignment, because it violated the requirement that each error should be separately stated. It is pointed out in the opinion that the assignment does not point out specifically the objectionable testimony of any one of the witnesses named, much less of the seven. The holding was clearly correct.

In Farmer's Development Co. v. Rayado Land & Irrigation Co., 18 N. M. 1, 5, 133 Pac. 104, the assignments were as follows:

"(1) That the court below erred in affirming the decision of the board of water commissioners, directing and ordering the state engineer to approve the application of the appellee herein for the appropriation of water of and from the Rayado river.

"(2) That the court below erred in finding and adjudging that the said board of water commissioners had and was possessed of the right, warrant, and authority to review the discretion of the said state engineer in the matter of the approval of permits to appropriate.

"(3) That the court below erred in rendering and entering judgment in favor of the said appellee, affirming the said decision of said board of water commissioners."

In that case the first and third assignments were held to be too general to present any question to a court of

review. The conclusion reached was undoubtedly correct. There was no contention made that the judgment itself was erroneous in any particular upon the record as made, and assignments 1 and 3 were properly held to present no question for review. The error complained of was set out in the second assignment, and was that the court erroneously concluded, as a matter of law, that the water commissioners had power to control the discretion of the state engineer. Several of the New Mexico cases were cited, as well as some from other jurisdictions. We have re-examined these latter cases, and find some of them to go farther than we are now willing to go. In some of them the bald proposition is laid down that an assignment that the court erred in rendering judgment for one party, or against the other, is in no case sufficient to present any question for review. As before seen, where the error itself is the rendering of the particular judgment, such an assignment is good. In this particular we wish to restrict the language used in that case. The language used in this regard, while sound ás applied to the facts before the court, is too broad for general application.

The cases composing the second group above mentioned are less numerous. In Territory v. Clark, 13 N. M. 59, 61, 79 Pac. 708, heretofore considered, some language was used which would seem to require the statement in an assignment of error of the reason upon which any given action of the court is claimed to be erroneous. The court said:

"Nine errors are assigned, but as counsel for the defendant gave the first six assignments, relating to paragraphs of the charge of the court, no consideration, either in his brief or oral argument, it is evident that no reliance is placed upon them. However that may be, this court has repeatedly held that no consideration will be given to mere general objections or assignments of error, wherein no attempt is made to point out the vice or error in the charge or ruling of the court below."

As before pointed out, there is confusion in this case in regard to the distinction between exceptions in the lower court and assignments of error in the appellate

court, and the distinction between them is not noted and observed. In this particular this case will be modified and the distinction restored. In Territory v. Guillen, 11 N. M. 194, 209, 66 Pac. 527, 531, as heretofore pointed out, there is the same confusion as to the distinction between the method of preserving error in the lower court and the presentation of the same in the appellate court by assignment. The court said:

"The mere statement in the motions for new trial and in arrest of judgment that 'the court erred in giving instruction No. ——,' does not in any manner direct the court's attention to any vice in the instructions, or wherein error exists prejudicial to the appellant. This court has held that it is not incumbent upon this court to search for alleged error, nor will it consider vague and general exceptions or assignments of error, where counsel are either unwilling or unable to indicate specifically wherein error exists."

The court thus intimated that an assignment of error must give the reason for the supposed error. In this particular the case will be modified to conform to the rule hereinafter to be stated.

In Neher v. Viviani, 15 N. M. 460, 110 Pac. 695, the court said:

"Numerous other assignments of error are found in the record, but, as they have neither been considered in the briefs of counsel nor made to specifically indicate the ground of error relied upon, they will not be further considered, as it has been repeatedly held, by this court, that assignments of error must be specific."

If this case, as it appears to be, was intended to require of an assignment of error that the reason why the action of the court below was deemed to be erroneous must be stated in the assignment, the same will be modified, so as to conform to the general rule to be hereafter stated.

In Jackson v. Deming Ice & Electric Co., 26 N. M. 3, 189 Pac. 654, the assignment challenged the instruction of the court and referred to the specific pages of the record for the objections thereto which were made in the court below. This court held the assignment good,

upon the ground that there was no requirement that the reason or foundation for the complaint of error need be stated in the assignment itself, but that reference to specific pages of the transcript might be made for a statement of such reason. This opinion was by a divided court, and did not discuss the question as to whether the reason or foundation for the complaint of the error need be stated or referred to in the assignment. We merely held that, where the assignment referred to a place in the transcript for the reasons or foundation for complaint of error, the assignment was in that particular sufficient. The case did not touch the fundamental question which is before the court in this case, viz. whether any reason or foundation for a supposed error need be stated or referred to in an assignment of error.

Upon the general subject as to whether the reason why any given action of the court is deemed to be erroneous need be stated in an assignment of error, there is quite a diversity of opinion. In 3 C. J., title "Appeal and Error," § 1505, in discussing the application of a rule requiring errors to be definitely and specifically pointed out, it is said:

"In most of the cases this rule is so generally stated that it cannot be determined whether anything is intended further than that the particular ruling in regard to which error is claimed must be definitely pointed out, or whether, in addition thereto, it must state the reasons why such ruling is erroneous. In a number of cases in which the question has been directly raised, it has been held necessary to state the reasons why the ruling complained of is erroneous, while in others it has been held that the reasons need not be stated, and an assignment or error will not be bad because the reasons urged in its support are untenable."

We have examined many of the cases cited in the notes to this text. Comparatively few of them are devoted to discussions of what constitutees a correct and scientifically framed assignment of error. Many of them refer to loose and indefinite expressions in the briefs of counsel. A few of the cases cited, however, do hold flatly that the reasons why a given act of the court below

was erroneous must be stated in the assignments. See Inland Steel Co. v. Smith, 168 Ind. 245, 80 N. E. 538; Salvador v. Feeley, 105 Iowa, 478, 75 N. W. 476; Cheatham v. Pearce & Ryan, 89 Tenn. 668, 15 S. W. 1080. On the other hand, many of the cases, and those which commend themselves to us as being sound, hold the opposite. Thus in Holt v. Smart, 46 N. H. 9, the appeal was from an allowance of a single item by the probate court. It was held that the assignment was sufficient as an objection to the decree presented a single item and no argument was required in the assignment.

In Nicolopole v. Love, 39 App. D. C. 343, 47 L. R. A. (N. S.) 949, error was assigned in holding (1) the affidavit of plaintiff, filed on March 14, 1912, sufficient, under rule 19 of the Supreme Court of the District of Columbia, to entitle plaintiff to judgment for possession, and in rendering judgment for plaintiff for possession. The rule required separate and specific statements in the assignment. The court said:

"While the rule is intended to require the specific statement of each error of the court below relied upon for reversal, it is equally intended to operate in the interest of brevity and clearness, and not as an avenue for the insertion of either argument or redundant matter. For these reasons the motion to dismiss is denied."

In Chicago, etc., Ry. Co. v. Bennett, 181 Fed. 799, 104 C. C. A. 309, the denial of a motion to instruct for the defendant was assigned as error. The court said:

"Where at the close of all the evidence [for the plaintiff] a motion to direct a verdict for the defendant on the grounds that there is no substantial evidence to sustain a charge of negligence of the defendant and that the evidence of the plaintiff's contributory negligence is conclusive is denied, an assignment of the denial as error is sufficient to invoke a review of the ruling, without a further statement of the reasons why the ruling is alleged to be erroneous."

In Sneer v. Stutz, 93 Iowa, 62, 61 N. W. 397, the petition was in one count and the demurrer was general. The assignment was:

"The court erred in overruling defendant's demurrer to the petition."

The court said:

"If the assignment is to be made so as to more particularly show the error, it seems to us it must be by stating the reasons why the ruling was erroneous, and that is not the province of an assignment."

In Nord v. B. M., etc., Co., 30 Mont. 48, 75 Pac. 681, at the close of plaintiff's case, defendant moved for nonsuit upon stated grounds which was granted. Plaintiff appealed and assigned error as follows:

"It was error in the court to hold that the evidence was sufficient to go to the jury as tending to support the allegations of plaintiff's complaint. It was accordingly error to sustain the defendant's motion for nonsuit."

Objection to the assignment was made under rule 10 (57 Pac. vii) which provides that the appellant's brief shall contain "specification of errors relied upon, and which shall be numbered and shall set out separately and particularly each error intended to be urged." The court said:

"There is no requirement that the specification shall set out appellant's reasons why he claims the decision is error. That is purely a matter of argument. It is sufficient under the provisions of this rule, therefore, to simply specify that the court below 'committed error in granting the motion for nonsuit.'"

In Vaill v. McPhail, 34 R. I. 361, 83 Atl. 1075, Ann. Cas. 1914D, 516, there is a fine discussion of the subject. The assignments which were sustained were that the decision was "against the evidence and the weight thereof," and "against the law," and that the final decree was "against the evidence and the weight thereof," and "against the law," and that the decision was "against the evidence and against the law," and that the final decree was "against the evidence and the law." The assignments were criticized as being too prolix and redundant, rather than uncertain and indefinite. The court said:

"The statement of reasons of appeal which the statute requires is a statement of the erroneous rulings, orders, or decrees of which the appellant complains. It is not a statement

of the reasons upon which the appellant bases his claim of error. We regard the statement of reasons of appeal in equity causes, the statement of exceptions in a bill of exceptions, and the assignments of error in an application for a writ of error as of the same nature and subject to the same requirements. The courts have at times gone to great lengths in their insistence upon minute particularity in an appellant's assignments of error, requiring not only that the rulings, orders, or decrees objected to should be specified, but that all the reasons upon which the appellant bases his claim of error and upon which he may rely in the appellate court should be set out. In consequence, members of the bar, not to be placed at a disadvantage by failing to comply with such rules, have filed reasons of appeal and assignments of error so diffuse as to be bewildering, and courts have been forced to adopt a more reasonable construction of statutory requirements."

In Bleidorn v. Pilot Mountain, 89 Tenn. 214, 15 S. W. 748, the court by Mr. Justice Lurton said:

"We have construed the rule requiring assignments of error with liberality, and to hold that a good assignment is rendered bad by the insufficiency of the reasons advanced in its support would be highly technical and a sticking in the bark."

In Land Co. v. McClelland Bros., 86 Tex. 192, 24 S. W. 504, the court said:

"Where an assignment of error is sufficiently specific to enable the court to see that a particular ruling is complained of, it should be held good, although it should fail to state the reason why such ruling is claimed to be erroneous. An assignment may be brief and yet specific, and brevity in such a case is commendable and accords with good practice. The reasons by which allegations of error are sought to be sustained find their proper place in the propositions, statements, and authorities required to be set forth in the brief, under and in support of the respective assignments."

These cases are undoubtedly sound. There is no more occasion to state in an assignment the reason why a given ruling of the court is deemed to be erroneous than there is to state the same in a complaint or answer in the trial court. Such a statement has no place in either pleading; the same being argument, pure and simple.

The foregoing review of the cases might seem to be somewhat overextended, perhaps, but the large and constantly recurring number of cases which come before

Kershner v. Trinidad M. & M. Co., 26 N. M. 73.

this court on this subject would seem to justify the course taken. It is in the interest of the profession and the court that some better understanding on this subject should be arrived at, so that more of the time of both may be devoted to the investigation of causes upon their merits, rather than upon questions of pleading.

[2] It would seem that a plain and simple rule on this subject might be stated as follows: (1) Each error complained of must be separately pointed out. (2) Each assignment must specifically refer to some action or ruling of the lower court which it is sought to review. (3) Each act or ruling of the court occurring either prior or subsequent to the final judgment, and which it is sought to review, must be separately and specifically pointed out. (4) An assignment attacking the judgment presents only such error as inheres in the judgment itself. (5) Reasons why any given action of the trial court is deemed to be erroneous are in the nature of argument, and are not only not required in an assignment of error, but are entirely improper, and should be found only in the briefs.

[3] What has been said disposes of all the contentions against the assignments, except the second, sixth, and seventh. The attack upon the assignments is in the form of a motion to strike them from the files. We do not deem this motion sufficient to search the record and to present the proposition that the error complained of had not been saved in the lower court, or that the evidence was considered by the court, or that there was not other substantial evidence to support the findings. Whether a demurrer or an exception would be a proper method of reaching such a question it is not necessary for us to determine in this case. But we feel free to say that a more satisfactory method of procedure is to take up the assignments as they are presented in the briefs, and there point out the fact that the error complained of in the assignment has not been properly saved in the court below, or is otherwise not available.

For the reasons stated, the motion to strike from the files the assignments of error should be denied; and it is so ordered.

RAYNOLDS, J., concurs.

### DISSENTING OPINION.

ROBERTS, J. (dissenting). I can readily give my concurrence to the rule formulated and promulgated in the majority opinion. A consideration of the cases cited in the opinion will show that the courts of the country follow either one of two rules in regard to assignments of error: (1) That a general assignment is sufficient, and that the proper place to point out the reasons upon which it is claimed that the ruling sought to be reviewed is erroneous is in the brief; (2) that the assignment of error must set forth the ground upon which it is predicated—that is, it must state the reason why the alleged ruling is erroneous.

The territorial Supreme Court followed the latter rule. I think this is made evident by the number of opinions which are overruled in the majority opinion in this case. The state Supreme Court has followed, until the opinion in the case of Jackson v. Deming Ice & Electric Co., 26 N. M. 3, 189 Pac. 654, the territorial rule. A rule of practice is never of paramount importance, except that it should be definite and certain, so that all litigants may be assured of the same treatment. The practice having become settled that assignments of error should be specific and set forth the reasons, I cannot give my concurrence to the changing of the practice, save by the adoption of a rule of court which would operate prospectively. The effect of the majority opinion in this case is to retroactively change the rule of practice, the effect of which is to sustain assignments of error which would otherwise be ineffectual.

For this reason only I dissent.